FILED
2024 OCT 8 PM 3:03
CLERK
U.S. DISTRICT COURT

Cliff Yang

P.O. Box #14343 Fremont, CA 94539
Tel: 205-6174932
Fax: 408-2288443
Email: cliffjenn@gmail.com

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| **CLIFF YANG,** | ) | **Case: 2:24-cv-00755** |
| | ) | **Assigned To : Pead, Dustin B.** |
| Pro Se Plaintiff, | ) | **Assign. Date : 10/8/2024** |
| | ) | **Description: Yang v. Long et al** |
| vs. | ) | Case No:_____ |
| | ) | Judge: _____ |
| **KEVIN LONG;** | ) | |
| **MILLCREEK COMMERCIAL PROPERTIES, LLC** ) | | |
| **COLLIERS INTERNATIONAL** | ) | **PLAINTIFF's FIRST** |
| **AMERICAN DEVELOPMENT PARTNERs** | ) | **COMPLAINT** |
| | ) | |
| Defendants, | ) | |

**1**

## INTRODUCTION

*This action arises from a fraudulent scheme orchestrated by the defendants, who engaged in a pattern of deceit, misrepresentation, and omission regarding the marketing and sale of Tenant in Common ("TIC") investments in the commercial property known as Draper SARC. Defendant Kevin Long, owner of Millcreek Commercial and Vice President of Colliers International, induced the plaintiff, Cliff Yang ("Cliff"), to invest $550,000 USD in the property as a TIC owner based on the false promise of a secure, income-generating investment.*

*Contrary to these assurances, the investment failed due to several factors, including:*

- *Insolvent tenants introduced by Kevin, Millcreek, Colliers International and ADP*
- *Missing medical equipment caused by the actions of Kevin and ADP, and the tenant HSMG who signed the agreement with ADP and Kevin*
- *Non-existent bond coverage that Kevin and ADP failed to secure*
- *Defendants' failure to generate the promised returns, due to the negligence of proper management of fund and property, the emission of validating and qualifying tenants, the largely due to the default of defendant tenant, HSH/HSMG and missing delivery of medical equipments*
- *Kevin and ADP's failure to evict HSH/HSMG and replace them with a solvent tenant in a timely manner.*
- *Kevin and Millcreek failed to make complete substitute bond payments for one-year after Plaintiff assigned the missing bond back to Millcreek.*

*This action seeks to hold the defendants accountable for the financial losses, emotional distress, and other damages suffered due to their unlawful conduct.*

*Reference Flowchart is shown before (at  Exhibit Item A-0 below)*

**2**

Rev#2, October 2024

**SURETY BOND?**

Lease Bond paid to ADP to
Talisman: **$232,972.84**

Talisman
"Surety Bond"
to pay 1-year
default rent

ADP and MillCreek co-developed Draper Sarc.
MillCreek act as a fund manager paid to ADP as a
builder to make money together. Project cost was
**$14,255,278.51**

Development
Agreement

ADP (Builder)
(Manny Butera)
Defendant

**Guarantor:
HSMG & Justin
Smith**

A surety bond or surety is a promise by a surety
or guarantor **(HSMG)** to pay one party (the
*obligee-Millrock fund*) a certain amount if a
second party (the *principal* - **SARC by HSH**) fails
to meet some obligation, such as fulfilling the
terms of a contract. The surety bond protects the
obligee against losses resulting from the
principal's failure to meet the obligation.

Questions:
1. Why does ADP not demand HSMG to sign the Bond
before disbursement to HSMG any fund?
2. Conflict between Justin Smith & Josh Constantin,
what is ADP's relation to Josh or Justin?
3. Why 90% of medical equipment money paid to
HSH/HSMG without even having any delivery and
installation of Medical Equipments from Dec, 2020 to
July, 2021 ?
4. Why no eviction on HSMG and no tenant substitution
on HSMG when missing of equipments and payments
happened in 2021 and caused the delay?
5. Why delay of disclosing these risks by defendants till
end of 2021 with a delay of more than one-year and lost
the timing to have tenant substitution done to minimize
plaintiff's loss?

MillCreek/
MillRock &
Colliers
(Kevin
Long-Defendant)

Owner's Investment fund **$ 21,267,750.43**

SARC
Draper, LLC
One of Draper's
TIC Owners:
(Cliff Yang,
Plaintiff)

MILLROCK
INVESTMENT
FUND 1&2 LLC

1). MillCreek (Defendant) asked ADP to buy a Bond to guarantee that HSMG will fulfill their responsibilities of deploy the medical equipments
2). Millcreek failed to delivered a medical building with all medical equipment fully equipped but already paid 90% of Medical Equipment Money, $2.30 Million USDs
to ADP & HSM/HSMG from Dec, 2020 to July 2021, and only reserved 10% ($225K for TIC owners) without having ANY medical Equipments delivered and installed
on-site since then, but assigned an incomplete medical building to TIC owners, and this is not only a breach of development contract but also a possible fraud
(since the tenant was insolvent and never moved into the building and never paid any rents and deposits, and stole the fund of $2.3 million dollars from the
Plaintiff)
3) Millcreek tried to cover up this insolvent tenant (HSM/HSMG) and deviate this issue with some litigation tricks, lies and fraudulent statements and schemes.

## PARTIES

1. ***Plaintiff Cliff Yang: (Cliff)***
   ***Cliff Yang*** *is a resident of California who invested in the Draper SARC building in Utah based on representations made by the defendants. Draper SARC is owned by TIC owners, and Cliff is one of these TIC owners.*

2. ***Defendant Kevin Long: (Kevin)***
   ***Kevin Long*** *is a resident of Utah and, at all relevant times, acted as the owner of Millcreek Commercial Properties, LLC and Vice President of Colliers International.*




3. ***Defendant Millcreek Commercial Properties, LLC: (Millcreek)***
   ***Millcreek Commercial Properties, LLC*** *is a Utah limited liability company engaged in real estate investment and syndication. (See Exhibit Item A-1)*

4. ***Defendant Colliers International:***
   ***Colliers International*** *is an international real estate and investment services firm with operations in Utah. Kevin served as Vice President at Colliers during the relevant period. (See Exhibit Item A-2)*

5. ***Defendant American Development Partners: (ADP)***

*American Development Partners* is a Tennessee limited liability company and was the developer of the *Draper SARC* project/property.



**American Development Partners Development Contract**

This agreement is made on the date written above our signatures between

**DEVELOPER Name:** JAMESON LLC DBA American Development Partners (DEVELOPER) and

**OWNER Name:** MILLROCK INVESTMENT FUND 1 LLC

**DEVELOPER**

**Address:** 8618 Shortleaf Court, College Grove TN 37046

**Work Phone Number:** (615) 818-6982

**Email Address:** manny@americandevelopmentpartners.com

**DEVELOPER Name:** American Development Partners will be referred to as DEVELOPER throughout this agreement.

**CONTRACTOR INFORMATION:**

**Address: Phone Number:** (615) 330-0629

**Email Address:** llynp@built-more.com

**License Number:** 00057609

6. ***Jennifer Wong:*** *Cliff's spouse, and co-owner of GoGreenAge LLC.*
7. ***GoGreenAge LLC***, *owned and managed by Cliff, is a Delaware limited liability company and the original titleholder of Draper SARC as a member of Draper TIC owners. The title then was transferred to Cliff Yang in September 2024 for this litigation purposes, as a Pro Se Plaintiff.*
8. ***HSH/HSMG (HSH stands for Healthcare Solution Holding Inc. and HSMG stands for Healthcare Solution Management Group Inc.,)*** *was Defendant's original tenant arranged by Kevin and ADP for the Draper SARC property. (See Exhibit Item A-2) , and it was also called **SARC by HSI - DRAPER, UT Inc**., a Delaware corporation ("Tenant") (See Exhibit Item A-3)*
9. ***Justin Smith,*** *is the  CEO of **HSMG, the guarantor of HSH, who signed the lease with ADP.***
10. ***Manny Butera*** *is the founder and COO of **ADP, who signed the lease with HSH/HSMG***
11. ***Jashua Constantin,*** *is the General manager of **HSH***

5

12. **Brent Smith,** is the Director of **Millcreek**

13. **Mary Street,** is the Property manager of **CAM Realty** Inc. managed the Draper SARC property for both the plaintiff and the defendants. (See Exhibit Item A-3)

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa, as the claims arise under the laws of the United States, including but not limited to Plaintiffs' claims under 15 U.S.C. § 78j(b), including S.E.C. Rule 10b-5 (codified at 17 C.F.R. § 240.10b-5), 15 U.S.C. § 78t(a), and 15 U.S.C. § 77l.

15. This Court also has jurisdiction under 28 U.S.C. § 1332, based on diversity jurisdiction, because: a) The parties are citizens of different states, satisfying the diversity of citizenship requirement; and b) The amount in controversy exceeds $75,000, exclusive of interest and costs, which meets the threshold for federal jurisdiction in diversity cases.

16. The Defendants, in connection with the actions alleged in this Complaint, have directly and indirectly utilized means and instruments of interstate commerce, including mail, telephone, and internet communications.

## GENERAL ALLEGATIONS

### Overview of Defendants' Actions

17. Beginning in 2020, defendants Kevin Long, Millcreek, Colliers, and ADP engaged in the development, marketing, and sale of Tenant in Common ("TIC") investments, with a specific focus on 1031 exchanges. (See Exhibit Items A1 on next page). The defendants, particularly Kevin, Millcreek, and Colliers, targeted vulnerable investors, including retirees, promoting these investments as secure, worry-free opportunities backed by corporate guarantees and bond assurances.

18. The Draper SARC property was marketed as having a long-term lease with stable tenants selected by Kevin, Millcreek, Colliers and ADP. However, the tenant chosen by the defendants quickly defaulted on their obligations, resulting in significant financial losses for the plaintiff. Millcreek and Colliers misrepresented key factors, including bond coverage, the financial condition of the tenants, and the overall stability of the project, which heavily influenced Cliff Yang's decision to invest $550,000 USD in September 2021. (See Exhibit Item A-1)

19. Consequently, the defendants provided the plaintiff with an empty medical building that had no occupied tenants and no installed medical equipment. This starkly contrasted with the representations made in the marketing materials prior to Cliff's investment. (See Exhibit Item A-1 on page 8-10 below)

 

## Surgical Ambulatory Regional Centers | Draper, UT



The Tenant in Common (TIC) interests sold by Millcreek Commercial Properties constitute interests in real property. They do not constitute securities. Consequently, federal and state laws regulating the sale of securities do not apply with respect to the sale of TIC interests, and purchases of TIC interests will not be entitled to the protection afforded to purchasers of securities under federal and state securities laws. Nothing in the attached offering documents should be construed as an offer or a solicitation of an offer to buy or sell securities.

Office: 801.899.1943 | www.**MILLCREEKCOMMERCIAL**.com

Millcreek Commercial | 2100 S Pleasant Grove Blvd. Ste 200, Pleasant Grove, UT



SARC | Draper, UT

## Property Information

| | |
|---|---|
| Tenant | Surgical Ambulatory Regional Centers |
| Location | 13775 S Pony Express Rd., Draper, UT |
| Property Type | Freestanding, Medical |
| Building Size | 19,772 SF |
| Purchase Price | ~$22,000,000 |
| Cap Rate | 6.25% |

SARC's mission and business strategy is to provide better, more consistent, comprehensive care solutions by vertically integrating urgent care facilities with ancillary services and new technologies. The intended outcome is to provide a broader continuum of patient care at a lower cost and generate significantly higher operating margins.

## Draper, UT

Draper City is an exciting, vibrant city with strong economic growth and high quality of life. People choose to live in Draper because of the location and the beauty of the community, as it sits nestled in the corner of the southeast portion of the Salt Lake Valley. This site is located across the street from a State of Utah sponsored megasite economic development project.

## About Tenant In Common

Tenant in common or TIC ownership allows two or more people to hold an ownership interest in a property. Each property owner or business entity holds its own separate stake in the property and receives a deed. Their interests do not have to be equal.

This Millcreek Commercial property has the following characteristics:

• Property is offered debt-free
• Long-term, corporate-guaranteed lease
• Satisfies IRS requirements for 1031 exchanges



Office | 801.899.1943
www.**MILLCREEKCOMMERCIAL**.com



## Lease Information

| | |
|---|---|
| Lease Guarantor | Healthcare Solutions Management Group |
| Initial Lease Term | 20 years |
| Rent Increases | 2% increases every year |
| Renewal Options | Two 5-year options |
| 20 Yr. Avg. Return | 7.593% |

| Year | Cap Rate |
|---|---|
| 2020 | 6.250% |
| 2021 | 6.375% |
| 2022 | 6.502% |
| 2023 | 6.633% |
| 2024 | 6.765% |
| 2025 | 6.901% |
| 2026 | 7.039% |
| 2027 | 7.179% |
| 2028 | 7.323% |
| 2029 | 7.469% |
| 2030 | 7.619% |
| 2031 | 7.771% |
| 2032 | 7.927% |
| 2033 | 8.085% |
| 2034 | 8.247% |
| 2035 | 8.412% |
| 2036 | 8.580% |
| 2037 | 8.752% |
| 2038 | 8.927% |
| 2039 | 9.105% |

Millcreek Commercial | 2100 S Pleasant Grove Blvd. Ste 200, Pleasant Grove, UT



SARC | Draper, UT



## Surgical Ambulatory Regional Centers (SARC)

Largest Network: Development of 350 Comprehensive Care Centers will create the most extensive branded system in the country.

Significant Margins: By vertically integrating, they will capture revenue and margins that have historically been "lost" in the channel to sales, marketing, and third-party providers. This will result in significantly enhanced operating margins.

Building a Brand: A key element to their strategy is to acquire reputable family practice to establish themselves in each community they target. Clusters of facilities will provide better access and more consistent care to patients in their system.

New Technologies: They intend to use new technologies and more comprehensive diagnostic capabilities to improve patient care and access and to give their medical teams more tools to provide superior care.

## Backed By Strength

Healthcare Solutions Holdings, Inc. "HSH" is a publicly-traded medical service and device company focused on providing clinicians with state-of-the-art diagnostic and therapeutic tools. HSH's mission is to provide clinicians with broader access to the most advanced technologies in the Healthcare Industry. Technology proliferation drives progressive methods of testing patients, leading to superior patient outcomes.

HSH not only helps physicians deliver better healthcare but also assists them in remaining compliant with industry best practices.

## The Tenant of Your Dreams

Millcreek Commercial is developing properties specifically for Surgical Ambulatory Regional Centers. SARC, in cooperation with Healthcare Solutions Holdings, Inc. (HSH), meets our pillars for success. With each property, SARC will sign a 20-year NNN lease with 2% rent escalations annually, all backed by an HSH corporate guarantee and insured by Lloyds of London.

Millcreek Commercial | 2100 S Pleasant Grove Blvd. Ste 200, Pleasant Grove, UT

**Lease and Tenant Issues:**

20. ADP, owned by Jameson LLC and acting as the developer, signed a lease with tenant HSH/HSMG prior to the plaintiff's investment, while concealing the tenant's insolvency. It is alleged that Kevin made rent payments on behalf of HSH/HSMG to disguise the tenant's inability to meet their lease obligations (see Exhibit Item A-3 on pages 11-12 below).

### AMBULATORY SURGERY CENTER LEASE AGREEMENT

**THIS AMBULATORY SURGERY CENTER LEASE AGREEMENT** ("Lease") is entered into as of 11/12/20 (the "Effective Date") by and between Jameson, LLC DBA American Development Partners, a Tennessee limited liability company ("Landlord") and SARC by HSI - DRAPER, UT Inc., a Delaware corporation ("Tenant").

### RECITALS

WHEAREAS, Landlord is the owner of, or is under contract to purchase, the land, buildings, and improvements located at 13775 South Pony Express Rd Draper UT 84020a nd more particularly described in attached Exhibit "A" ("Premises"); and

WHEREAS, Landlord desires to lease to Tenant and Tenant desires to lease from Landlord the Premises as a walk-in clinic focused on the delivery of ambulatory care in a dedicated medical facility outside of a traditional emergency room ("Ambulatory Surgery Center").

NOW THEREFORE, for good and valuable consideration, the parties agree as follows:

### SECTION ONE. PREMISES.

Landlord leases to Tenant and Tenant leases from Landlord the Premises on the terms and conditions in this Lease. The Premises is the real property described on the attached Exhibit "A", and all improvements belonging to Landlord now or in the future located on the real property (including the Improvements completed pursuant to Section 13 below).

### SECTION TWO. INTIAL TERM OF LEASE/OPTIONS TO RENEW.

(a) Effective/Commencement and Termination Dates of Initial Term. The initial term of this Lease shall be for twenty (20) years (the "Initial Term"). The term of this Lease (the "Term") shall commence upon the earlier of (i) Landlord's substantial completion of the Improvements in accordance with the Scope of Work (each as defined in Section 13(a) hereof) ("Landlord's Work") and Landlord's receipt of a certificate of occupancy (or equivalent) for the Premises, or (ii) the date upon which Tenant opens to the public for business within the Premises (such earlier date being the "Commencement Date"). The termination date shall be twenty (20) years after the Commencement Date (the "Termination Date"), subject to Section 2(b) below. Should the Commencement Date fall on any day other than the 1st of the month, the Term shall be extended by any partial month thereof. Promptly following the Commencement Date, Landlord and Tenant shall execute a Commencement Date Agreement in the form attached hereto as Exhibit "F". If for whatever reason the construction has not been started on or before 270 days from the date of the building purchase the lease is considered null and void.

(b) Option Periods. Landlord grants to Tenant options to extend the Term of this Lease for three (3) consecutive five (5) year periods (each, an "Option Period") upon the same terms and conditions set forth in this Lease, at an adjusted Minimum Monthly Rent as determined prior to

ADP – Draper UT                            Page 2 of 44

**11**

related to this Lease and the underlying Guaranty, if deemed necessary or desirable in the reasonable discretion of Landlord.

### SECTION FORTY-NINE.  ACQUISITION CONTINGENCY.

Tenant acknowledges that Landlord does not currently own the Premises and that this Lease and Landlord's obligations hereunder are strictly contingent upon Landlord acquiring fee simple ownership of the Premises on or before December 31, 2020 (the "Acquisition Deadline") on terms satisfactory to Landlord in its sole and absolute discretion, the foregoing being "Landlord's Acquisition Contingency".    In the event Landlord has not satisfied Landlord's Acquisition Contingency on or before Acquisition Deadline, then both Landlord and Tenant shall have the right to terminate this Lease upon written notice to the other at any time prior to Landlord's acquisition of the Premises.

**IN WITNESS WHEREOF,** the said Landlord has hereunto the day and year first above written.


JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS

Name: _____

Title: _____ Developer _____


**IN WITNESS WHEREOF,** the said Landlord has hereunto the day and year first above written.


Signed & Delivered in the **SARC BY HSI – DRAPER, UT, INC.** presence of:


By: _____
Justin Smith_____
Title: Executive Chairman

21. ADP inexplicably assigned the lease signed with HSH/HSMG on November 12, 2020, to SARC Draper LLC, a Missouri-based entity, without informing the TIC owners of this assignment. What makes this even more peculiar is that ADP was still in the process of developing the Draper SARC property, and the entire project was not completed until Millcreek received the certificate of occupancy from the city in July 2022. Furthermore, this lease assignment took place before Cliff's investment in September 2021 (as detailed in A-3-1 on pages 14-15).

22. ADP assigned the lease with HSH/HSMG to SARC Draper LLC (an unknown identity in Missouri having nothing to do with Draper SARC in Utah) before Cliff made his investment in Draper SARC. After Cliff's investment, HSH/HSMG caused a default and failed to deliver and install the required medical equipment as promised on the lease with ADP.  As a result, the original lease assignor, ADP, remained liable for the lease he initially signed with HSH/HSMG, as the default situation detailed in Item A-3. This document states: "1. Subject to the conditions and representations herein contained, Assignor hereby assigns to Assignee all of Assignor's rights, interests, and obligations under the LEASE and represents to Assignee that the Lease is in full force and effect and **that no default has occurred or is occurring** under the Lease."

23. At the time of the lease assignment on November 20, 2020, (only eight days later after the original lease was signed by ADP) ADP had neither completed the Draper SARC development nor received the certificate of occupancy, which was not issued until July 2022. Additionally, HSH/HSMG refused to accept the lease assignment from ADP to SARC Draper LLC back in 2020, as later evidence shows.

24. Therefore, the Defendants, ADP still  remained liable for the lease signed by HSH/HSMG on November 12, 2020 (Item A-3), or possibly the lease signed by SARC Draper LLC on November 20, 2020, under the ambiguous ownership of Kevin/Millcreek or ADP in Missouri, rather than Draper SARC in Utah, which was owned by the TIC investors. This suspicious arrangement suggests a potential conspiracy between Kevin, Millcreek, ADP, and HSH/HSMG in this matter (as outlined in Item A-3-1 on pages 14-15).

## ASSIGNMENT OF LEASE
## FOR COMMERCIAL REAL ESTATE

THIS ASSIGNMENT OF LEASE FOR COMMERCIAL REAL ESTATE ("Assignment") is made effective this 20th day of November, 2020, by and between **JAMESON LLC,** a Tennessee limited liability company (the "Assignor") and **SARC DRAPER, LLC**, a Missouri limited liability company (the "Assignee").

WHEREAS, Assignor entered into that certain **AMBULATORY SURGERY CENTER LEASE AGREEMENT** ("Lease") entered into as of 11/12/20 (the "Effective Date") by and between Jameson, LLC DBA American Development Partners, a Tennessee limited liability company ("Landlord") and SARC by HSI - DRAPER, UT Inc., a Delaware corporation ("Tenant"), relating to that certain real property commonly known as 13775 South Pony Express Road, Units 100, 110, 210, and 200, as described in the Lease; and

WHEREAS, Assignor desires to assign to Assignee, all of Assignor's rights, interests and obligations under the Lease, and in accordance with the terms and conditions of the Lease, Assignee desires to accept Assignor's rights, interests and obligations under the Lease.

NOW, THEREFORE, in consideration of the mutual covenants herein contained and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the conditions and representations herein contained, Assignor hereby assigns to Assignee all of Assignor's rights, interests, and obligations under the LEASE and represents to Assignee that the Lease is in full force and effect and that no default has occurred or is occurring under the Lease.

2. Subject to the conditions and representations herein contained, Assignee hereby accepts the assignment made herein and agrees to accept the rights, interests, and obligations of Assignor under the Lease for the purpose herein stated.

3. Assignor hereby agrees to defend, indemnify and hold Assignee harmless from any loss, cost, liability, cause of action or any other expense or fee, including attorney's fees, incurred by Assignee arising out of or in connection with Assignor's actions or omissions under the Lease prior to the Effective Date.

4. Assignee hereby agrees to defend, indemnify and hold Assignor harmless from any loss, cost, liability, cause of action or any other expense or fee, including attorney's fees, incurred by Assignor arising out of or in connection with Assignee's actions or omissions under the Lease after to the Effective Date.

5. This Assignment may be executed in counterparts, with such counterparts, when taken together constituting one and the same instrument. This Assignment may be signed and delivered by electronic means, including facsimile or email transmissions or similar, and such electronic signatures and delivery shall be deemed effective and binding for all purposes.

DocuSign Envelope ID: B25F13A4-F86D-4926-9E35-3041FD739D89

IN WITNESS WHEREOF, Assignor and Assignee have executed or caused these presents to be executed by their duly authorized managers as of the day and year first written above.

**ASSIGNOR:**

**JAMESON, LLC**

DocuSigned by:
Manny Butera
A2016E74264F4FE...

By: Manny Butera
Its: Developer

**ASSIGNEE:**

**SARC Draper, LLC**

DocuSigned by:
5123C2F8970F4D2...

By: Steve Caton
Its: Manager

**John R. Ashcroft**
Missouri Secretary of State

**MISSOURI ONLINE BUSINESS FILING**

MY ACCOUNT | HOME | SEARCH | MISC INFO | UCC FILING | Help

## Limited Liability Company Details as of 10/7/2024

Required Fiel

File Documents - select the filing from the "Filing Type" drop-down list, then click FILE ONLINE.

File Registration Reports - click FILE REGISTRATION REPORT.

Copies or Certificates - click FILE COPIES/CERTIFICATES.

RETURN TO SEARCH RESULTS

Create Filing: Amendment to Articles of Organization

FILE ONLINE

ORDER COPIES/ CERTIFICATES

General Information | Filings | Principal Office Address | Contact(s)

| | | | |
|---|---|---|---|
| Name(s) | SARC Draper LLC | Principal Office Address | 718 W Bus Hwy 60<br>PO Box 639<br>Dexter, MO 63841 |
| Type | Limited Liability Company | Charter No. | LC1743601 |
| Domesticity | Domestic | Home State | |
| Registered Agent | HOLDEN LAW OFFICE, PC<br>718 W. Business Highway 60<br>Dexter, MO 63841 | Status | Active |
| Date Formed | 11/16/2020 | | |
| Duration | Perpetual | | |



25. Kevin and ADP attempted to transfer the insolvent tenant, HSH/HSMG, to the Plaintiff without conducting a proper review process. This led to an immediate default on lease payments, with HSH/HSMG even refusing to sign the rent commencement document (as shown in Item A-4 below). As a result, Kevin and ADP never legally completed the lease assignment from ADP to the TIC owners, including Cliff Yang.

26. Additionally, HSH/HSMG never occupied the Draper SARC property or installed any medical equipment, despite Kevin and ADP mismanaging the $2.55 million USD allocated for the medical equipment allowance. Millcreek even attempted to lend $350,000 to HSH/HSMG in an effort to mitigate the tenant's default (as evidenced in Item A-7, an email from Brent Smith, Director at Millcreek, working under Kevin).

### Draper SARC - Loan Agreement Update August 2022

**Brent Smith** <brent@millcreekcommercial.com>                               Wed, Aug 10, 2022 at 11:15 PM
To: Brent Smith <brent@millcreekcommercial.com>
Cc: Kevin Long <kevin@millcreekcommercial.com>, John Keiter <john@keiterlaw.com>, Mary Street <mstreet@mtnwest.com>

## Draper Co-Owners,

As you are aware, we (Millrock Investment Fund 1, LLC) entered into a loan agreement with HSMD (HSH/SARC) on August 5, 2022. Our conditions to disburse portions of the $350k loan for Draper August and prorated July rent were and are contingent on HSMD paying rent for all leases managed by CAMS Realty.

Through the weekend and on Monday, we anticipated that things were progressing smoothly and that HSMD would pay on there lease obligations as per our agreement. They neglected to pay rent for two of their properties managed by CAMS; Pine Bluff Arkansas SARC (surgery center) and Alpharetta Georgia Advance Care Medical (comprehensive/urgent care facility). By HSMD not paying these rents they are in default of our Agreement. We felt it best to not void the agreement, but have made them aware that we will not distribute loan proceeds direct to the CAMS Draper SARC account until ALL rent obligations for August 2022 have been paid except for Draper. We are hopeful for good news in the next 24 hours.

As we entered into this agreement with HSMD, we will continue to provide updates as updates become available. We share in your frustration and again are focused on protecting each of your interests in the property and assisting where we can. We will continue to support Mary with CAMS Realty through the process.

Thank you,

Brent Smith
Investor Relations | Partner
Millcreek Commercial
Direct: 951.691.9788
2100 Pleasant Grove Blvd, Suite 275
Pleasant Grove, UT 84062

## Failure to assign the lease from ADP to Draper TIC owners including Cliff

### 27. Failure to Formalize Lease Assignment by Defendants

Kevin and ADP, as the original landlords, failed to ensure that HSH/HSMG signed a formal lease assignment agreement with all TIC owners of Draper SARC. Instead, Kevin allowed Mary Street from CAM Realty to draft and sign the "lease commencement agreement" (see Exhibit Item A-4 on pages 18-20), despite the fact that HSH/HSMG had neither moved into the property nor delivered and installed the required medical equipment. The lease clearly states: "THIS AMBULATORY SURGERY CENTER LEASE AGREEMENT ('Lease') was entered into as of 11/12/20 (the 'Effective Date') by and between Jameson, LLC DBA American Development Partners, a Tennessee limited liability company ('Landlord') and SARC by HSI - DRAPER, UT Inc., a Delaware corporation ('Tenant')." In this context, SARC by HSI - UT Inc. is also referred to as HSH (Healthcare Surgery Holding Inc.) (as shown in Exhibit Item A-3 on page 11).

### 28. Incomplete Lease Assignment to TIC Members

Neither ADP nor Kevin successfully assigned the original lease, as shown on pages 11-12, to all 35 TIC members. Instead, they only issued a temporary certificate of occupancy in July 2022 to each TIC owner, including Cliff Yang. Furthermore, HSH/HSMG refused to sign the lease commencement agreement drafted by Mary Street (Item A-4). As a result, ADP and Kevin remained liable under the terms of the original lease agreement, signed on November 12, 2020 (as shown in Exhibit Item A-3), prior to the plaintiff's investment in September 2021. Thus, their obligations included:

a) Evicting HSH/HSMG, and

b) Replacing HSH/HSMG with a financially stable tenant, as they were still responsible for securing the lease for all TIC owners.

### 29. Delays in Eviction and Tenant Replacement

The eviction and tenant replacement efforts were eventually carried out by Mary Street, in collaboration with the TIC owners and some assistance from Kevin. However, there was a substantial delay from mid-2022 until February 2024 before a new lease agreement was finalized with the new tenant, GI Alliance LLC (as shown in Exhibit A-5 on pages 27-29). Kevin and ADP should be held fully liable for the delays and associated costs, including NNN fees, as well as any market losses caused by the absence of the promised medical equipment.



July 19, 2022

*Via Email and FedEx*

SARC by HSI – Draper, UT Inc.
Attention: Justin Smith
3 School Street, Suite 303
Glen Cove, NY 11542

<u>REVISED NOTICE OF LEASE COMMENCEMENT</u>

Dear SARC by HSI – Draper, UT Inc.,

You entered into the Ambulatory Surgery Center Lease Agreement dated November 12, 2020 (the "Lease") with Jameson, LLC DBA American Development Partners, subsequently assigned to SARC Draper, LLC and further proportionately assigned to 35 Tenant in Common Owners, as now assigned (the "Landlord") for commercial property located at 13775 South Pony Express Rd, Draper, UT 84020 (the "Premises"). Under Section 2(a) of the Lease, the term of the lease (the "Term") commenced:

> Upon the earlier of (i) Landlord's substantial completion of the Improvements in accordance with the Scope of Work . . . and Landlord's receipt of a certificate of occupancy (or equivalent) for the Premises, or (ii) the date upon which Tenant opens to the public for business within the Premises (such earlier date being the "Commencement Date").

*See* Lease at § 2(a).

This office previously sent you a Notice of Lease Commencement based upon a temporary certificate of occupancy that was issued on June 15, 2022. However, upon second review of the Lease, it is determined that the Lease requires a final certificate of occupancy prior to lease commencement. Please take notice that Landlord has completed its Scope of Work and received the final certificate of occupancy for the premises on July 19, 2022. Accordingly, Landlord is sending with this revised notice the Commencement Date Agreement referenced in the Lease for immediate execution. Please be reminded that:

1) <u>Commencement Date.</u> The Commencement Date is July 19, 2022.

2) <u>Rent.</u> Pursuant to Addendum #1 (the "Addendum"), the Final Rent Calculation for Year 1, as defined in the Addendum, equals $1,345,014.60 ($14,540,698.38 [total cost of Landlord's Work] x 9.25%). Rent shall therefore continue pursuant to the following schedule:

|  | Monthly rent | Annual rent |
|---|---|---|
| Year 1 | $112,084.55 | $1,345,014.60 |
| Year 2 | $114,326.24 | $1,371,914.89 |
| Year 3 | $116,612.77 | $1,399,353.19 |

| | | |
|---|---|---|
| Year 4 | $118,945.02 | $1,427,340.25 |
| Year 5 | $121,323.92 | $1,455,887.06 |
| Year 6 | $123,750.40 | $1,485,004.80 |
| Year 7 | $126,225.41 | $1,514,704.90 |
| Year 8 | $128,749.92 | $1,544,998.99 |
| Year 9 | $131,324.91 | $1,575,898.97 |
| Year 10 | $133,951.41 | $1,607,416.95 |
| Year 11 | $136,630.44 | $1,639,565.29 |
| Year 12 | $139,363.05 | $1,672,356.60 |
| Year 13 | $142,150.31 | $1,705,803.73 |
| Year 14 | $144,993.32 | $1,739,919.80 |
| Year 15 | $147,893.18 | $1,774,718.20 |
| Year 16 | $150,851.05 | $1,810,212.56 |
| Year 17 | $153,868.07 | $1,846,416.82 |
| Year 18 | $156,945.43 | $1,883,345.15 |
| Year 19 | $160,084.34 | $1,921,012.06 |
| Year 20 | $163,286.02 | $1,959,432.30 |

3) <u>Rent Payments</u>. Pro-rated rent for July (12 days) equals $43,387.57. Rent payments should be sent to:

        CAMS Realty, LLC
        2015 W Grove Pkwy, Ste. J
        Pleasant Grove, Utah 84062

4) <u>Utilities.</u> All utilities must be transferred into the Tenant's name as of the Commencement Date of the Lease. Please provide confirmation this has been completed.

5) <u>Taxes</u>. The tenant is responsible for all real property taxes from and after the Commencement Date.

6) <u>Property Maintenance</u>. The tenant is responsible for all property maintenance, including without limitation the cost of landscaping, snow and ice removal, trash removal, parking lot sweeping, and pest control.

7) <u>Insurance.</u> The tenant is responsible for carrying insurance on the property per Section 17 of the Lease listing Landlord as additionally insured as of the Commencement Date. The landlord has not received copies of the Tenant's Insurance Certificates showing the required insurance. If proof of Tenant's insurance required under the Lease is not provided within thirty (30) days after this notice, Landlord will obtain such insurance coverage at Tenant's cost and expense.

8) <u>Tenant Fixtures and Equipment.</u> Landlord has contributed $2,550,000.00 toward furnishings, fixtures and equipment ("FFE") which, to Landlord's knowledge, have not been installed on the Premises. Landlord demands an immediate accounting of said funds and an update on when said FFE will be installed on the Premises. Please provide said information within thirty (30) days of this Notice.

Sincerely,

CAMS Realty, LLC



Mary Street

Page | 2

## COMMENCEMENT DATE AGREEMENT

This Agreement is made and entered into as of the 19th day of July, 2022 between 35 Tenant in Common Owners, as now assigned from SARC Draper, LLC ("Landlord") and SARC by HSI – Draper, UT Inc., a Delaware corporation ("Tenant"), and shall be attached to and made part of that certain Ambulatory Surgery Center Lease Agreement between Landlord and Tenant dated November 12, 2020 (the "Lease"). Pursuant to the provisions of the Lease, Landlord and Tenant intending to be legally bound hereby, agree to the following:

a.    The Commencement Date of the Lease occurred on July 19, 2022.

b.    Tenant Agrees that, as of and through the date hereof, Landlord has fully and timely complied with and performed each and every of its obligations as set forth in the Lease, and any addendums thereto, and that Tenant has no claims or causes of action against Landlord whatsoever and has no right to any setoffs against any and all sums due Landlord.

**LANDLORD: 35 Tenant In Common Owners**

By: Mary Street
Their: Lease Administrator

**TENANT: SARC by HSI – Draper, UT Inc.**

By:_____
Its: _____

**Failures and Omissions by defendants:**

*30. Awareness and Failure to Act by Mid-2022*

*By mid-2022, Kevin Long and ADP were fully aware of the tenant issues at Draper SARC but failed to disclose these problems to Cliff Yang or take timely corrective actions. Kevin and ADP should be held fully accountable for the following major issues:*

a) ***Missing Rent Payments and Deposits***
*HSH/HSMG had defaulted on rent payments, as confirmed by emails sent by Millcreek (see Exhibit Items A-7). Despite knowing this, Kevin and ADP did not inform the TIC owners or take appropriate steps to address the default.*

b) ***Missing Medical Equipment and Misappropriated Funds***
*A total of $2.55 million USD, allocated by the TIC owners for the Draper SARC project, was transferred by Kevin to ADP. Kevin, as the owner of Millcreek, admitted in court that this transfer took place but failed to secure the funds for the benefit of the TIC members. Of the $2.55 million, only $240,000 USD—less than 10%—was recovered (see Exhibit Item B1 on pages 21-23).*

c) ***ADP's Failure to Secure Funds***
*Manny Butera, the founder and COO of ADP, also admitted in court that $2.31 million USD of the $2.55 million was transferred to HSH/HSMG. ADP failed to protect these funds on behalf of the TIC owners, further compounding the financial losses suffered by the investors (see Exhibit Items B2 on pages 24-25).*

Terry E. Welch (5819)
Bentley J. Tolk (6665)
Michael S. Wilde (14366)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
mwilde@parrbrown.com

*Attorneys for Plaintiff Millrock Investment
Fund 1, LLC*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, | **DECLARATION OF KEVIN G. LONG** |
| Plaintiff, | Case No. 2:23-cv-00157-JNP |
| v. | |
| HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; and JUSTIN ~~~~~~~ | Judge Jill N. Parrish |
| Defendants. | |

1.    I am over the age of 18 and if called to testify could testify truthfully to the

matters stated herein.

2.      I have worked for 34 years in commercial real estate.  I have a Utah Real Estate Brokers License.   After working with Colliers International and being the founding Principal Broker of its predecessor CBC Advisors for 25 years, I left to found Millcreek Commercial, which has obtained and divided $150 millions of dollars in commercial real estate investments for its clients.

3.      I am the Manager of Millrock Investment Fund 1 Management, LLC, which is the managing member of Millrock Investment Fund 1, LLC ("Millrock").

4.      Millrock is an investment and development fund that buys and sells commercial properties and then divides and sells its fee simple title to various tenant-in-common owners (the "TIC Owners").

5.      Millrock contracted with non-party ADP to construct two surgical centers for HSMG or its subsidiaries to lease and operate in Draper, Utah ("Draper Project") and Keller, Texas ("Keller Project") (collectively, the "Surgical Centers").  Attached hereto as Exs. 1 and 2 are copies of the agreements for the construction of the Surgical Centers.

6.      In connection with construction of the Surgical Centers, Millrock was required to pay ADP $2.55 million for the Draper Project and $2.55 million for the Keller Project as an equipment allowance (collectively the "Equipment Allowance") to equip each Surgical Center, and ADP was then required to transfer the Equipment Allowance to HSMG. ADP would submit draw requests for the Equipment Allowance at various

4869-9946-6312

2

Terry E. Welch (5819)
Bentley J. Tolk (6665)
Michael S. Wilde (14366)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
mwilde@parrbrown.com

*Attorneys for Plaintiff Millrock Investment*
*Fund 1, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| MILLROCK INVESTMENT FUND 1, LLC, | **DECLARATION OF MANNY BUTERA** |
|---|---|
| Plaintiff, | Case No. 2:23-cv-000157-JPN |
| v. | |
| HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; JOSHUA CONSTANTIN; JUSTIN SMITH | Judge Jill N. Parrish |
| Defendants. | |

    1.    I am over the age of 18 and if called to testify could testify truthfully to the matters

stated herein.

    2.    I am the developer / consultant of Jameson LLC, d/b/a American Development

Partners ("**ADP**"), a Tennessee limited liability company.

3.    On July 29, 2018, ADP entered into a Multi-Unit Development Agreement (the "**Multi-Unit Agreement**") with Healthcare Solutions Management Group, Inc. ("**HSMG**") setting forth a mutually beneficial multi-unit development plan to develop several ACM medical clinics ("**Clinics**") and surgery centers ("**Surgery Centers**"). A true and correct copy of the Multi-Unit Agreement is attached hereto at Exhibit 1.

4.    Under the terms of Multi-Unit Agreement, ADP identified potentially viable real estate properties for Clinics and Surgery Centers and identified potential investors that may be interested in acquiring such certain properties and providing financing for each development (each a "**Qualified Project**"). *Id.* at § 2.

5.    Upon identifying a Qualified Project, HSMG or an affiliate entity would enter into long-term lease agreements for the financing and development of a Qualified Project. *Id.* at § 3.

6.    Under the terms of the Multi-Unit Agreement, HSMG was not entitled to a Development Fee or any other type of undisclosed compensation. *See generally, id.*

7.    Between the years 2019 through 2021, ADP entered into several development agreements (each a "**Development Agreement**") with Millrock Investment Fund 1, LLC and/or affiliates ("**Millrock**") for Millrock to purchase real estate and provide financing for certain identified Qualified Projects located in Romeoville, Illinois; Naperville, Illinois; Alpharetta, Georgia; Kennesaw, Georgia; Pine Bluff, Arkansas; Blytheville, Arkansas; Draper, Utah; and Keller, Texas. Attached hereto at Exhibit 2 is the Development Agreement for Keller, Texas, which is an exemplary form of each Development Agreement.

8.    The Qualified Projects in Pine Bluff, Arkansas; Blytheville, Arkansas; Draper,

2

Utah; and Keller, Texas were for the development of Surgery Centers, and the remainder were for development of Clinics.

9.      The budget associated with the Keller, Texas and Draper, Utah Surgery Center contracts provides each $2,550,000 for furniture, fixtures, and equipment (the "**Equipment Allowance**"). This equipment allowance was to equip the Surgical Centers with sufficient fixtures and equipment to permit them to operate as surgical centers.

10.     As the Draper and Keller projects commenced, ADP issued several draw requests for the Keller and Draper Surgery Centers, including draws for the Equipment Allowance.

11.     During the span of each project, ADP collected from Millrock $2,310,000 for the Draper Equipment Allowance, $2,332,000 for the Keller Equipment Allowance.

12.     ADP transferred the Draper Equipment Allowance and Keller Equipment Allowance to HSMG for the sole purposes of buying fixtures and equipment for the Draper and Keller projects necessary for them to operate as surgical centers.

13.     When ADP transferred the Equipment Allowance funds to HSMG, ADP indicated to HSMG that the funds being transferred were to purchase fixtures and equipment for the Draper and Keller buildings.

14.      ADP has never identified to HSMG that the Equipment Allowance funds were for a "development fee" or other form of compensation to HSMG and ADP is not aware of any contractual basis for HSMG to treat any of the Equipment Allowance funds it received as anything other than funds to obtain and provide the fixtures and equipment as identified.

3

d)  *The defendants failed to initiate eviction proceedings against HSH/HSMG, despite ADP being the original landlord and Kevin controlling Millrock Fund1, where all TIC owners' funds were held. They did not replace HSH/HSMG with a solvent tenant before executing an improper, questionable and incomplete "lease assignment," which was a scheme devised by both Kevin and ADP. (either item A-3 or A-3-1 shown before)*

e)  *As a result, Mary Street, CAMs Realty (representing TIC owners including Cliff) eventually signed a new valid lease with GI-Alliance to occupy three-quarters of the property; however, this lease was at only two-thirds of the original rental rate. Up today, there is still a vacant suite for rent at Draper SARC. This situation arose after a nearly two-year delay (from July 2022 to the middle of 2024) and resulted in more than a 30% loss in rental income, primarily due to the absence of the promised medical equipment. (See Exhibit Item A-5 below )*

**MEDICAL OFFICE LEASE**

February 12 , 2024

("Effective Date")

BY AND BETWEEN

CAMS REALTY, LLC A UTAH LIMITED LIABILITY COMPANY, AS EXCLUSIVE AGENT AND ATTORNEY IN FACT FOR THE TENANT-IN-COMMON OWNERS ("LANDLORD")

AND

THE GI ALLIANCE MANAGEMENT, LLC, A DELAWARE LIMITED LIABILITY COMPANY ("TENANT")

DATED JANUARY 23, 2024

**27**

DocuSign Envelope ID: 96967CF3-664C-417E-8846-600CBEC45190

## MEDICAL OFFICE LEASE

THIS **MEDICAL OFFICE LEASE** ("**Lease**"), dated as of the date shown above (the "**Effective Date**"), is entered into by and between (a) **CAMS Realty, LLC**, a Utah limited liability company, as exclusive agent and attorney in fact for the tenant-in-common owners (individually, and collectively, the "**Landlord**"), and (b) **The GI Alliance Management, LLC**, a Delaware limited liability company, as the tenant (the "**Tenant**").

## RECITALS

WHEREAS Landlord is the owner of several units within a three-story condominiumized office building situated on certain real property located at 38 West 13775 South, Draper, Utah (the "**Building**");

WHEREAS Landlord desires to lease to Tenant, and Tenant desires to lease from Landlord, certain Landlord-owned units located on the second (2nd) floor of the Building also known as condominium units 200, 210, and 220 (hereafter, the "**Surgery Center**"), consisting of an agreed 12,975 rentable square feet and an agreed 10,395 usable square feet;

WHEREAS Landlord desires to lease to Tenant, and Tenant desires to lease from Landlord that certain Landlord-owned unit on the first (1st) floor of the Building also known as condominium unit 100 (hereafter, the "**Clinic Space**"), consisting of an agreed 5,321 rentable square feet an agreed 4,069 usable square feet;

WHEREAS, the Surgery Center and the Clinic Space collectively total 18,296 rentable square feet (the "**Rentable Area**") and 14,464 usable square feet (collectively, the "**Usable Area**"), such space being more particularly identified and described on the space plan attached hereto as **Exhibit "A"** (the "**Leased Premises**" or "**Premises**");

NOW, THEREFORE, to these ends and in consideration of the terms and conditions of this Lease, as well as the mutual benefits to be derived therefrom, the Landlord and the Tenant agree as follows:

## TERMS

1.      **Leased Premises**.   As of the Effective Date, the Landlord hereby leases to the Tenant and the Tenant hereby leases from the Landlord the Leased Premises, together with the Landlord's right to the nonexclusive use of all common access ways, stairways, elevators, lobbies, lavatories, and hallways reasonably necessary or appropriate for access to and "**Use**" (as defined below) of the Leased Premises (as more particularly described in Paragraph 15, below, the "**Common Areas**").

2.      **Lease Term and Extension Options**.

(a)      Lease Term.  The Lease shall commence from the earlier to occur of the following: (i) upon Tenant's receipt of all government approvals to operate a surgery center and clinic at the

2

DocuSign Envelope ID: 96967CF3-664C-417E-8846-600CBEC45190

**"Landlord"**

**CAMS REALTY, LLC**
a Utah limited liability company

By: _Mary Street_
—ECF9AD9C3F99452...

Name: Mary Street

Title: Manager

Dated this 12th day of February , 2024.

**"Tenant"**

**THE GI ALLIANCE MANAGEMENT, LLC**
a Delaware limited liability company

By: _James Weber_

Name: James Weber MD

Title: CEO

Dated this 23 day of January 2024.

## Financial Impact on Cliff:

*31. The defendants' failure to deliver medical equipment resulted in a market value drop of over 30%, reducing the annual rental rate from $55 per square foot to $38 per square foot (see the average rate between Exhibit Item A-3 and A-5 ). Cliff incurred significant costs associated with the eviction of HSH/HSMG, including NNN expenses, legal fees, compensation and allowances for the new tenant, and the market value reduction stemming from the vacant medical building lacking the promised equipment and tenants (see Exhibit Items C1, B1-B2 in the Exhibit Table).*

*32. **Kevin's Attempts to Mislead Cliff with Legal Maneuvers:***

a) *Kevin initiated a lawsuit against HSH/HSMG but excluded ADP, despite ADP having paid 90% of the equipment funds to HSH/HSMG without delivering any equipment. This raises questions of either negligence or collusion with HSH/HSMG. Although Kevin promised to recover the $2.55 million lost, he only managed to recover $24,000 for the TIC owners. Consequently, the TIC owners were excluded from the lawsuit, resulting in a loss of $2.31 million due to the mismanagement and breach of contract by Kevin and ADP (see Exhibit Items B1 & B2 on pages 22-26).*

b) *Kevin filed a lawsuit against Talisman to establish the existence of a surety bond, which had never been activated by either ADP or HSH/HSMG (see Exhibit Item E5, Case: A-23-884240-Department 9). Additionally, Kevin's involuntary bankruptcy petition against HSH/HSMG was denied, yet the legal documentation remains missing.*

c) *Kevin also failed to make promised substitute bond payments to Jennifer Wong and Cliff Yang, the co-owners of GoGreenAge LLC, (as required and shown on Page 32 below ), further breaching the contract (see Item A-6 on pages 31-33). The documentation states that "no claims or actions were waived or released by the TIC owners, including Cliff Yang, against Millcreek, HSH/HSMG, ADP, or their agents, regarding breach of contract, fraud, or unjust enrichment, as outlined in Section IV (Reservation of Claims)."*

## ASSIGNMENT AGREEMENT

This Assignment Agreement ("Assignment" or "Agreement") is made and entered into on this 20th day of March, 2023 (the "Effective Date"), by and among GoGreenAge LLC _____ (the "TIC Owner" or "Assignor") on the one hand; and, Millrock Investment Fund 1, LLC ("Millrock") and Millcreek Commercial Properties, LLC ("Millcreek") (collectively, Millrock and Millcreek shall be referred to as the "Assignee" or "Millcreek Group") on the other hand.  Collectively, TIC Owner and Millcreek Group are the "Parties" and each individually is referred to herein as a "Party."

    A.    Millrock is a predecessor in interest to those certain real properties located at 13775 South Pony Express Rd, Draper, Utah 84020 (the "Property").

    B.    The Millcreek Group sold a tenant-in-common interest to the TIC Owner.

    C.    Millcreek represented that the Property was encumbered by a lease (the "Lease") with SARC by HIS – Draper, UT Inc. or an affiliate ("HSI") which would pay base monthly rents under the Lease (the "Base Monthly Rent").

    D.    The Millcreek Group has represented to TIC Owner that the Millcreek Group paid for a bond (the "Bond") to secure the Monthly Rent with Talisman Casualty Insurance Company ("Talisman").

    E.    The Millcreek Group believes that HSI has breached its obligations to pay Monthly Rent.

    F.    The collective tenant-in-common owners voted to evict HSI and seek a judgment against it and the Lease's guarantor, Healthcare Solutions Management Group ("HSMG") (the "HSI/HSMG Judgment").

NOW THEREFORE, for good and valuable consideration as set forth below, the receipt and sufficiency of which is hereby acknowledged, Assignor and Assignee agree as follows:

### I.    ASSIGNMENT OF BOND.

To the extent a Bond exists and/or Assignor has a claim against Talisman, Assignor hereby fully transfers, and assigns to Assignee all of Assignor's rights in the Bond and any claim Assignor has against Talisman. Assignor understands that it is Assignee's intent to pursue a claim against Talisman (the "Bond Recovery Activities"). <u>TIC Owner agrees to cooperate in the Bond Recovery Activities as may become reasonably necessary from time to time; however, except as set forth in section II (regarding an award of attorneys' fees and/or punitive damages), TIC Owner shall not be responsible for any of the attorneys' fees or litigation costs incurred during the Bond Recovery Activities</u>. TIC Owner's duty to reasonably cooperate as set forth in this Agreement does not require TIC Owner to take any action that may adversely affect TIC Owner's rights against any person other than Talisman.

## II.    CONSIDERATION.

Beginning February 1, 2023, the Millcreek Group agrees to pay TIC Owner's proportional share of the Base Monthly Rent payments to TIC Owner's property manager. The Millcreek Group shall continue to pay such Base Monthly Rent until the earliest occurrence of one of the following: (i) a comparable credit worthy replacement tenant (the "Replacement Tenant") is secured for the Property; or (ii) until January 31, 2024. If the Replacement Tenant's lease provides rents less than Base Monthly Rent, Millcreek shall pay TIC Owner the difference between the Replacement Tenant's rents and Base Monthly Rent until January 31, 2024. Further, if the Millcreek Group successfully recovers money under the Bond Recovery Activities, the Millcreek Group shall reimburse itself for any sums paid by the Millcreek Group to TIC Owner under this Agreement, and any excess funds (including Base Monthly Rent payments for the months of October 1, 2022 through January 31, 2023 and any punitive damages award) shall be paid to TIC Owner in proportion to TIC Owner's ownership share; provided, however, that if attorneys' fees and/or punitive damages are awarded by a court of competent jurisdiction, Millcreek shall be entitled to reimbursement of its attorneys' fees and litigation costs incurred in the Bond Recovery Activities from those respective awards. If this Agreement is executed after February 1, 2023, Assignee shall pay to TIC Owner the TIC Owner's proportional share of the Base Monthly Rent payments that would have come due between February 1, 2023 and the date of this Agreement within ten (10) days of the Agreement being executed by all of the undersigned parties.

## III.    COLLECTION OF HSI/HSMG JUDGMENT.

If the TIC Owner recovers Base Monthly Rent under the HSI/HSMG Judgment, TIC Owner shall reimburse Millcreek Group for the TIC Owner's proportional share of the Base Monthly Rent paid by the Millcreek Group to TIC Owner less the TIC Owner's proportional share of attorneys' fees and expenses incurred to obtain the HSI/HSMG Judgment and recover such amounts if the amounts recovered under the HSI/HSMG Judgment are insufficient to pay for the TIC Owner's related attorneys' fees and expenses.

## IV.    RESERVATION OF CLAIMS.

Nothing in this Agreement releases or waives any claims, rights, demands, damages, costs, attorneys' fees, expenses, debts, or causes of action that TIC Owner may have against any other person, including the Millcreek Group, HSMG, and ADP (and each of their respective agents), including for breach of contract, unjust enrichment, fraud, securities fraud, or rescission.

## V.    MISCELLANEOUS TERMS.

1.    <u>Denial of Liability.</u>  It is understood by the Parties that nothing in this Assignment shall constitute or be construed as an admission of fact or of liability or wrongdoing by either Party in association with any actual or potential claims that either Party has against the other.



2.     Severability.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable.  This Agreement shall survive the termination of any arrangements contained herein.

3.     Governing Law and Choice of Venue.  The laws of the State of Utah shall govern this Agreement and its validity, construction, breach, performance, and operation.

4.     Counterparts.  This Agreement may be executed in counterparts and delivered by email or facsimile transmission, each of which shall be deemed an original and all of which together shall constitute one and the same document.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered as of the date first written above.

MILLCREEK COMMERCIAL PROPERTIES, LLC.

*Kevin G. Long*
Kevin G. Long (Apr 3, 2023 13:02 MDT)
_____

By:   Kevin  Long _____

Its:   Manager _____

MILLROCK INVESTMENT FUND 1, LLC.

*Kevin G. Long*
Kevin G. Long (Apr 3, 2023 13:02 MDT)
_____

By: Millrock Investment Fund 1 Management , LLC (Kevin Long, Manager)

Its: Manager _____

TIC OWNER

*Jennifer Wong, Gogreenage LLC*
Jennifer Wong, Gogreenage LLC (Apr 3, 2023 21:06 PDT)
_____

Name: Jennifer Wong, Gogreenage LLC _____

*Cliff Yang*
Cliff Yang (Apr 3, 2023 21:41 PDT)
_____

Name: Cliff Yang _____

## Kevin's second Breach of Contract on Bond Payments

33. From February 2023 to August 2024, Kevin made only five payments before defaulting, despite multiple requests and a formal demand letter sent by all TIC owners. To date, Kevin has not made any further payments, constituting an immediate breach of contract.

## Cliff's Efforts and Kevin's Evasiveness

34. In February 2024, Cliff met with Kevin in person to discuss why ADP had released 90% of the funds—amounting to $2.31 million—to HSH/HSMG (see Exhibit Item B-2 on pages 24-25) without any delivery or installation of medical equipment. Cliff also questioned why Kevin had not initiated legal action against ADP for this failure. However, Kevin was unable to provide a satisfactory explanation during the meeting.

35. Kevin claimed he would recover the $2.31 million for the missing medical equipment after winning his lawsuit against HSH/HSMG, despite the fact that this issue primarily stemmed from the actions of Kevin and ADP.

36. Furthermore, Kevin suggested that Cliff add Colliers International as a defendant for his financial losses, even though the tenant issues, including missed payments and the absence of medical equipment, were directly attributable to Kevin and ADP.

37. During the meeting, Cliff requested Kevin's assistance in buying back his 2.67% TIC ownership in Draper SARC. However, Kevin made no effort to resolve the matter or find a buyer, instead distancing himself from his responsibilities as a syndicator and acting more like an agent.

38. By June 2024, Kevin had ceased all communication, failed to address the tenant issues, and did not compensate Cliff for his financial losses.

## FIRST CAUSE OF ACTION

**39. False and Misleading Misrepresentation** (15 U.S. Code § 1692e)
Kevin Long, Millcreek and Colliers International knowingly made false statements about the security and profitability of the investment. These misrepresentations, made with intent to deceive, led Cliff Yang to invest in a high-risk property without being properly informed of material facts. As a result, these misstatements materially influenced Cliff's decision to invest.

## SECOND CAUSE OF ACTION

**40. Breach of Contract** (41 U.S.C. § 6503)
Kevin and ADP violated their contractual obligations by failing to deliver the promised medical equipment, neglecting to make required bond payments, and assigning insolvent tenants to the property. These actions directly contradicted the terms and assurances provided to Cliff at the time of his $550,000 USD investment. Consequently, the defendants never delivered a fully operational medical building, with no tenants occupying the property or medical equipment installed as advertised. *(See Exhibit Item A-1)*

## THIRD CAUSE OF ACTION

**41. Unjust Enrichment and Kickback** (41 U.S. Code §§ 8701–8707)
Kevin and ADP unjustly enriched themselves by misappropriating $2.55 million of the plaintiff's funds. Of this, 90%—amounting to $2.31 million—was improperly diverted to their tenant HSH/HSMG without delivering or installing the promised medical equipment at Draper SARC. This conduct benefitted the defendants at the plaintiff's expense.

## FOURTH CAUSE OF ACTION

**42. Negligence** (19 U.S.C. § 1592)
Kevin and ADP failed to exercise due diligence in managing the investment. They inadequately screened tenants and did not ensure the security of the investment as represented. Even after knowing about the default of their insolvent tenant HSH/HSMG and the issues with missing medical equipment, Kevin and ADP failed to evict the tenant or secure a replacement in a timely manner. This negligence caused further financial harm to the plaintiff.

## OTHER POSSIBLE CAUSEs OF ACTION

43. Based on the facts presented, the following additional causes of action may be relevant. These claims could warrant further investigation by the State District Attorney or Federal Criminal Authorities:

   a) **Constructive Fraud:**
   Even without an intent to deceive, the defendants' failure to disclose critical information and their mismanagement of the investment could give rise to a claim of constructive fraud.

   b) **Breach of the Implied Covenant of Good Faith and Fair Dealing:**
   Defendants' actions may be seen as a violation of the implied covenant of good faith and fair dealing inherent in all contracts. By acting in bad faith, they interfered with the plaintiff's right to receive the benefits expected under the investment agreement.

   c) **Conversion:**
   A claim for conversion may be appropriate if the defendants misappropriated specific funds belonging to the plaintiff. This claim would assert that the defendants wrongfully took or used the plaintiff's money for their own benefit.

   d) **Civil Conspiracy:**
   If evidence suggests a coordinated effort between Millcreek, Colliers, ADP, and other associated parties to defraud the plaintiff, this could support a civil conspiracy claim. Such a claim would require demonstrating that the defendants conspired to achieve an unlawful objective.

## OTHER EXHIBITs (Available Upon Request)

44. All supporting documents, evidence, and exhibits are listed in the exhibition table with portable hyperlinks on the global Google Drive under

https://docs.google.com/spreadsheets/d/1I0qpexRknVRboGzFyWJb7W6uGW6KooTGhRJ6XMIOD3Y/edit?usp=sharing

45.  These documents can be provided as necessary during court hearings or upon any request. (The Exhibition Table as shown below on page 37-38)

| # | Date | Item Code | Items Description | Description | Pages | URL |
|---|------|-----------|------------------|-------------|-------|-----|
| 2 | 7/29/2018 | A-00 | ADP/HSI/ACM TIC | MULTI-UNIT DEVELOPMENT AGREEMENT (ADP, HSI &ACM) | 9 | https://drive.google.com/file/d/1Zy_dWDWdErhNQCuin_t8wXHJh39rb0bw/view?usp=sharing |
| 3 | 2020 | A-0 | Flow Chart of TIC | Flow Chart and Commingle and Missing Funds ($ Differences) among defendants | 1 | |
| 4 | 11/12/2020 | A-3 | ADP -HSIH/HSMG- Lease | ASC Lease Executed (JAMESON LLC - **ADP** & SARC BY **HSI** – DRAPER UT Inc., Guarantor: HSMG) | 44 | https://drive.google.com/file/d/1sRTfgLycPdNewM1HmB_3plSCZs3hppT/view?usp=drive_link |
| 5 | 11/19/2020 | A-3-1 | | Settlement Statement (**Home Builders LLC** & SARC DRAPER, LLC) | 4 | https://drive.google.com/file/d/1gDsEBbI5T5XTi2XGzQeORddGxyKgimzx/view?usp=sharing |
| 6 | 11/20/2020 | A-3-2 | ADP to SARC Draper, LLC | Executed Assignment of Lease (JAMESON LLC - **ADP** to SARC DRAPER, LLC.) | 2 | https://drive.google.com/file/d/1kc2apG6O5eaJRIezXhKh5zImbFBKFcGw/view?usp=drive_link |
| 7 | 11/20/2020 | A-3-3 | ADP/Kevin's Development Agreement | American Development Partners Development Contract (JAMESON LLC - **ADP & MILLROCK INVESTMENT FUND 1** | 33 | https://drive.google.com/file/d/1DExuvaBfkJJ7P48g_mm3oUl8lm6C7DQ/view?usp=drive_link |
| 8 | 12/21/2020 | C-1 | ADP-Developement Charges (including Medical Equipment and Installation | Advance Care Medicine - By ADP (2.55M equipment Money listed). File name: "SARC DRAPER FINAL GMAX 10-27-21 - prior to 285k change order in 2022". https://drive.google.com/file/d/1nlz3vy9Gkrfgh3_h7esO2mLfDBP9qPER/view?usp=drive_link | | https://docs.google.com/spreadsheets/d/13XhtA0TUXwM3_uO4iTbrZk67lEwqFTFp/edit?usp=sharing&ouid=10213430502368895181&rtpof=true&sd=true |
| 9 | 12/28/2020 | C-1-1 | | Per " ADP Request for Disbursement" $514,958 | | |
| 10 | 1/4/2021 | C-1-2 | | ADP Draw 1. Momentum Draw Request for Disbursement. $514,958 | | https://drive.google.com/file/d/1KJ7jeX4uhLK3jJLEqqjvqcbhyxyH5Mge/view?usp=sharing |
| 11 | 1/6/2021 | A-3-4 | Lease Addendum | ADDENDUM #1 TO AMBULATORY SURGERY CENTER LEASE AGREEMENT (SARC by **HIS** – Draper, UT Inc. & **SARC Draper, LLC** ) | 4 | https://drive.google.com/file/d/1BN1Am_SmhzxfTc_sb7Ej6pE_8T-P5mRi/view?usp=sharing |
| 13 | 2/12/2021 | C-1-4 | Money Disbursement from Millcreek to ADP | ADP Draw 2. $1,586,998.85 | | https://drive.google.com/file/d/1dfEQlyxKs36biWS0ke16qNFonoc37PdSA/view?usp=sharing |
| 14 | 3/1/2021 | A-1-1 | Marketing from Kenneth (Agent) for Millcreek | Kenneth Wheeler started to market all the MillCreek products | 2 files | https://drive.google.com/drive/folders/10auYk9-OO2aK_1PCNc1qOzaCYAzDJ8bq?usp=drive_link |
| 15 | 3/15/2021 | C-1-4 | Money Disbursement from Millcreek to ADP | ADP Draw 3. $1,586,998.85 | | https://drive.google.com/file/d/1o5QRXZc8poB73UvovtJiKrdfGviVpz9q/view?usp=sharing |
| 16 | 4/30/2021 | E-1 | Draper Bond without activation from ADP and HSH/HSMG | Draper Bond was missing: | 1 | https://drive.google.com/file/d/19WEGKR9eCDOP_gwAkgDTJ5LEsinOFHC9/view?usp=sharing |
| 17 | 3/1/2021 | A-1 | Millcreek's OM(Offering Memorandum) | Draper Marketing OM 7 pages (Fraud and Schemes) | 7 | https://drive.google.com/file/d/19RU27ub_auazBONNmZ2luYkjuksUOmBq/view?usp=sharing |
| 18 | 5/1/2021 | A-1-2 | Spencer & Cliff Jennifer emails&attachment | Email Q&A to answer about ROI questions with two attachments for PSA & TIC Agreement template | | |
| 19 | 5/11/2021 | C-1-5 | Money Disbursement from Millcreek to ADP | ADP Draw 4. $1,057,993.23 | | https://drive.google.com/file/d/1XMBC3_8oVEXub3SNpOevDHrEj0PlT2fU/view?usp=sharing |
| 20 | 5/27/2021 | A-3-5 | PSA between Plaintiff and Millcreek/Colliers | PURCHASE AND SALE AGREEMENT - [TIC Transaction] at $550,000 USDs | | |
| 21 | 10/1/2021 | A-3-6 | Closing Document | TBA | | |
| 22 | 2021 | A-0 | Financial Flows | Flow Chart and Commingle and Missing Funds ($ Differences); | | TBA |
| 23 | 9/1/2022 | D-1 | Eviction on HSMG | TIC owner fled in law suit against HSMG, a shell company | | TBA |
| 24 | 10/1/2022 | E-2 | Bankrupcy by HSM, the guarantor | Millcreek filed in law suit against HSM, and no stipulation to freeze their asset was handled (negligence) | | TBA |

| # | Date | ID | Title | Description | | Link |
|---|------|-----|-------|-------------|---|------|
| 28 | | A-0 | Flow Chart of Draper SARC (introduction) | | | https://docs.google.com/drawings/d/1Wrzb9MVHy9SgzW_mzkmrGNtLRcMZYw0dDWrTDFCihU0/edit?usp=sharing |
| 29 | 10/21/2021 | | | TIC Owner Percentage | | https://drive.google.com/file/d/1JKs0tbnbxgRRMSU9UHeApox0-QDEC6Ux/view?usp=sharing |
| 30 | 4/11/2022 | | Ken, Mary, Spencer, Brent | Tax Documents 1099 and Account Request - Spencer Strong from Collier & Millcreek | | https://drive.google.com/file/d/1SqKBf0mUhVdRJMXw0tpgFPTPdeVmZ23/view?usp=sharing |
| 31 | 7/1/2022 | | Certificate of Occupancy Issued | by City to Millcreek | TBA | |
| 32 | 7/13/2022 | | 7/7-7/14/2022 | Ken forward an email regarding HSH rent late | | https://drive.google.com/file/d/141BZhepE7fIY6uoizn7rsrcixIoVgr09/view?usp=sharing |
| 33 | 7/14/2022 | | | Final Certificate of Occupancy (Owner: The Home Builder's Association of the state of Utah, Contractor: Sequoia Development) | 1 | https://drive.google.com/file/d/1ILMP16AF3qhkRmEYoEfnt1JnRxGghcvs/view?usp=drive_link |
| 34 | 7/19/2022 | A-4 | A proposal from CAM, but not executed | Revised notice of Lease Commencement (Cams Realty to SARC BY HSI – DRAPER UT Inc ), summerize the lease term and the 2.5M equipment money | 4 | https://drive.google.com/file/d/1FKaZqVtR9IGFDWLvR0xDIAquHboluyDx/view?usp=sharing |
| 35 | 7/26/2022 | | Email From Mary | SARC Draper Update | | https://drive.google.com/file/d/1DPZ1fB8ZLB-fJohAHK5Ecr0zoI6mKHQ/view?usp=drive_link |
| 36 | 8/1/2022 | A-7 | Email From Brand Simith | Millcreek lend $350,000 USD to HSH/HSMG | 1 | TBA |
| 37 | | A-4 | Unofficial Lease Assignment (missing review stage of HSH/HSMG) | Missing Medical Equipment and missing deposits and payments are critical issues | | https://drive.google.com/file/d/1PVLXLegxKJUkYE40ny5l4cNNjZU-QIBh/view?usp=sharing |
| 38 | 8/9/2022 | C-1-5 | Millcreek's charge | ADP Draw 5 Draper Utah) Application and Certificate for payment. $528,999.62 (Built More LLC & Draper SARC LLC). Total construction Cost: $5,657,039.84 | | https://drive.google.com/file/d/15PYmSfUOJSfBiLWhcUvfj_88a9u_jV1g/view?usp=drive_link |
| 39 | 3/2/2023 | L-1 | Case 2.23-cv-00157 | Litigation (HSMG) (Millcreek vs HSMG case) | 19 | https://drive.google.com/file/d/1gmnm4DmXJAIfD4367ToeHFRnrKQ-nYux/view?usp=sharing |
| 40 | 3/12/2023 | L-2 | Case 2.23-cv-00157 | Litigation (HSMG) (Millcreek vs HSMG case) | 21 | https://drive.google.com/file/d/1kD6rMu2GrDND2fk5tYlYeRIcmDoPHXdD/view?usp=sharing |
| 41 | 3/20/2023 | E-6 | Bond Assignment | Draper Bond Assigned to Millcreek for payments (Signed Contract by John Kiter ) Substibue Payment Agreement signed by Defendant/Plaintiff | 5 | https://drive.google.com/file/d/1T0rhl2clhgfh2Le5Nfl6O9DDwlLBGpf3K/view?usp=sharing |
| 42 | 3/23/2023 | L-3 | Case 2.23-cv-00157 | Litigation (HSMG) (Millcreek vs HSMG case) (2nd amendment complaint) | 26 | https://drive.google.com/file/d/1w2dG1S1EdCBMaYlbd7P7o6dAYgw6XIVF/view |
| 43 | | L-4 | Case 2.23-cv-00599-JCB | Litigation (Tallisman) (Millcreek vs Tallisman) | | https://drive.google.com/fileId/10nq4pYkiI3MXyVV00g68vMArjQqb8snp/view |
| 44 | 2/1/2024 | A-5 | Draper's Market value loss by 30%+ | New Lease with GI Alliance | | https://drive.google.com/file/d/1xcm7CJt5tYp0TZECW2R220r_elakf7xl/view?usp=sharing |
| 45 | 6/1/2023 | L-5 | Case 2.23-cv-00407-HCN | Litigation Complaint (Andrew v Millcreek) | | https://drive.google.com/file/d/1Try0nnIfwjngtl4PneVw2SvEFYdbJpbB/view |
| 46 | 9/1/2023 | L-6 | Case 2.23-cv-00599-JCB | Litigation Complaint (Wilson vs Tallisman) | | https://drive.google.com/file/d/14l6kVttEoeftsicisNQAupCEpE1y_8Ov/view |
| 47 | 12/7/2023 | L-7 | CASE NO: A-23-884240-C | Litigation (Tallisman) (Millcreek vs Tallisman) | | https://drive.google.com/file/d/10nq4pYkiI3MXyVV00g68vMArjQqb8snp/view |
| 48 | 6/1/2023 | E-8 | Missing Legas Paper on Defendants Petition | Defendant's Involuntteer Bankrupcy Petition against HSMG (Millcreek Petition) was denied, and paper not delivered to Plaintiff | | |
| 49 | 9/1/2021 | | | Kevin is owner of Millcreek and VP of Colliers | | https://drive.google.com/file/d/12pEt2p0bM_hIZtppiTYzKB3Mfh50c7vDQ/view?usp=sharing |
| 50 | | A-2 | Kevin BusinessCard | | | https://drive.google.com/file/d/12pEt2p0bM_hIZtppiTYzKB3Mfh50c7vDQ/view?usp=sharing |
| 51 | | A-1 | Marketing Offering Memorandum page36 | Millcreek OM | | https://drive.google.com/file/d/19RU27ub_auazBONNmZ2luYkjuksUOmBq/view?usp=sharing |
| 52 | | | | 2.55 MillionDollars Paid to ADP | | https://drive.google.com/file/d/12pEt2p0bM_hIZtppiTYzKB3Mfh50c7vDQ/view?usp=sharing |
| 53 | 8/23/2024 | A-6 | Millcreek's Substitube Payment Agreement | Millcreek agreement to pay for the missing bond for 1-year starting Sept. 2023 to Sep 2024, but only made payments | | https://drive.google.com/file/d/1T0rhl2clhgfh2Le5Nfl6O9DDwlLBGpf3K/view?usp=sharing |
| 54 | 2023 | C-1 | Eviction Cost | | TBA | |
| 54 | 2023 | C-1 | Eviction Cost | | TBA | |
| 55 | | C-2 | Tenant Substitution Cost | | TBA | |
| 56 | 2022 | B-1 | Declaration of Medical Equipment paid to ADP ($2.55 Million USDs of Plaintiff's money) | Kevin (Millcreek) testified in court that he transfer the fund of $2.55 Million USDs from Millcreek Rock Fund1 to ADP. Only $24,000 USDs was refunded by ADP, and returned to TIC owners | | https://drive.google.com/file/d1_JG9Xbnh5ww8jwAt1WNQ_YI9J0vP/view?usp=sharing |
| 57 | | B-2 | Declaration of Medical Equipment fund paid to HSH/HSMG ($2.31 Million USDs of Plaintiff's Money) | Manny Butera (ADP) testified in court that he transfer fund of $2.31 Million USDs from ADP to HSH/HSMG | | https://drive.google.com/file/d1_JG9Xbnh5ww8jwAt1WNQ_YI9J0vP/view?usp=sharing |
| 58 | 8/23/2024 | A-6 | Millcreek's Substitube Payment Agreement | Millcreek agreement to pay for the missing bond for 1-year starting Sept. 2023 to Sep 2024, but only made payments | | https://drive.google.com/file/d/1T0rhl2clhgfh2Le5Nfl6O9DDwlLBGpf3K/view?usp=sharing |
| 59 | | C-1 | Eviction Complaint | | TBA | |
| 60 | | C-2 | Eviction Cost | | TBA | |
| 61 | | C-3 | Default Loss (NNN) | | TBA | |
| 62 | | C-4 | Default Judgement | | TBA | |
| 63 | | C-5 | Tenant Substitution Cost | Compensation (free rent) and allowance for the GI-Alliance | | |
| 64 | 2/1/2024 | A-5 | Draper's Market value loss by 30%+ | New Lease signed by TIC Owners (including Plaintiff) with GI Alliance | | https://drive.google.com/file/d/1xcm7CJt5tYp0TZECW2R220r_elakf7xl/view?usp=sharing |

## SUMMARY

46. Plaintiff Cliff Yang, owner of Gogreenage LLC, brings this complaint in the United States
District Court for the District of Utah, Central Division, against Kevin Long, Millcreek Commercial
Properties, LLC ("Millcreek"), American Development Partners ("ADP"), and Colliers
International ("Colliers"). The complaint alleges fraudulent misrepresentation, breach of contract,
unjust enrichment, and negligence, stemming from the defendants' involvement in the marketing
and sale of Tenant in Common ("TIC") investments in Draper SARC, a commercial property. As
a result of the defendants' actions, the plaintiff has suffered significant financial losses and other
damages.

## PRAYER FOR RELIEF

47. WHEREFORE, the plaintiff respectfully requests that the Court enter judgment in their favor
and award the following relief:

a) **Actual Damages:**
   Compensation for costs related to eviction, re-tenanting expenses, NNN charges, market
   value depreciation, compensation and incentives provided to the new tenant, and all
   associated fees, including lost interest.

b) **Punitive Damages:**
   An amount sufficient to deter the defendants from engaging in similar misconduct in the
   future.

c) **Attorney's Fees and Legal Costs:**
   Recovery of attorney's fees and legal costs as allowed by law.

d) **Additional Relief:**
   Any further relief deemed just and equitable by the Court.

## CERTIFICATION and CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  October 10, 2024

Signature of Plaintiff: _____

Printed Name of Plaintiff: CLIFF YANG,  Pro Se Plaintiff