James D. Gilson (5472)
james.gilson@dentons.com
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000

Andrew V. Wright (11071)
andy.wright@dentons.com
David B. Nielson (16531)
david.nielson@dentons.com
**DENTONS DURHAM JONES PINEGAR P.C.**
1557 W. Innovation Way, Ste 400
Lehi, UT 84043
Telephone: (801) 375-6600

*Attorneys for Defendant Colliers International*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLIFF YANG, <br><br> Plaintiff, <br><br> V. <br><br> KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; and COLLIERS INTERNATIONAL AMERICAN DEVELOPMENT PARTNERS, <br><br> Defendants. | **COLLIERS INTERNATIONAL'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (SECOND) AND MEMORANDUM IN SUPPORT** <br><br><br> Case No. 2:24-cv-00755 <br><br> Judge Dale A. Kimball <br> Magistrate Judge Dustin B. Pead |

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR7-1,

Defendant Colliers International ("Colliers") hereby moves the Court to dismiss with prejudice

Plaintiff's Amended Complaint (Second) [Dkt. 20] (the "Complaint") as to Colliers filed by

1

UC

Plaintiff Cliff Yang ("Plaintiff"). The grounds for the requested relief are that the facts alleged in the Complaint do not give rise to any claims against Colliers.

Specifically, Plaintiff's alleged claims fail because: (i) with respect to the First Cause of Action for "False and Misleading Misrepresentation," Plaintiff fails to identify any false or misleading statement made by Colliers. Plaintiff also fails to satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) for pleading a fraud claim with particularity; (ii) the Second Cause of Action for "Breach of Contract" fails as a matter of law because Plaintiff fails to plead facts demonstrating that Colliers was a party to any contract with Plaintiff, or that Colliers is in breach of any such contract. The remaining causes of action are specifically not brought against Colliers.

## INTRODUCTION

The claims at issue arise out of a real estate transaction in which Plaintiff alleges that certain Defendants marketed a tenant in common interest that Plaintiff purchased in a commercial property. Plaintiff's Complaint is noticeably sparse on allegations specifically pertaining to any conduct on behalf of Colliers. The only two causes of action brought against Colliers fail, as Plaintiff has failed to plead any misrepresentation made by Colliers with any particularity, and similarly fails to point to any agreement wherein Colliers is in breach. Plaintiff fails to adequately plead facts establishing the necessary elements of Plaintiff's claims. The Court should dismiss Plaintiff's Complaint as to Colliers.

## STATEMENT OF RELEVANT FACTS

1.      As far as Colliers can tell, Plaintiff asserts allegations against Colliers specifically in only four paragraphs in the Complaint (paragraphs 17, 18, 39, and 40), as follows:

17. Beginning in 2020, defendants Kevin Long, Millcreek, Colliers, and ADP engaged in the development, marketing, and sale of Tenant in Common ("TIC") investments, with a specific focus on 1031 exchanges. (See Exhibit Items A1 on next page). The defendants, particularly Kevin, Millcreek, and Colliers, targeted vulnerable investors, including retirees, promoting these investments as secure, worry-free opportunities backed by corporate guarantees and bond assurances.

18. The Draper SARC property was marketed as having a long-term lease with stable tenants selected by Kevin, Millcreek, Colliers and ADP. However, the tenant chosen by the defendants quickly defaulted on their obligations, resulting in significant financial losses for the plaintiff. Millcreek and Colliers misrepresented key factors, including bond coverage, the financial condition of the tenants, and the overall stability of the project, which heavily influenced Cliff Yang's decision to invest $550,000 USD in September 2021. (See Exhibit Item A-1)

39. False and Misleading Misrepresentation (This claim is against Kevin, Millcreek and Colliers) Kevin Long, Millcreek and Colliers International knowingly made false statements about the security and profitability of the investment. These misrepresentations, made with intent to deceive, led Cliff Yang to invest in a high-risk property without being properly informed of material facts. As a result, these misstatements materially influenced Cliff's decision to invest.

40. Breach of Contract (This claim is against all defendants) Defendants violated their contractual obligations by failing to deliver the promised medical equipment, neglecting to make required bond payments, and assigning insolvent tenants to the property. These actions directly contradicted the terms and assurances provided to Cliff at the time of his $550,000 USD investment. Consequently, the defendants never delivered a fully operational medical building, with no tenants occupying the property or medical equipment installed as advertised.

2.      Ironically, in one of the only other paragraphs wherein Colliers is mentioned,

Plaintiff actually defends Colliers, and states:

36. Furthermore, Kevin suggested that Cliff add Colliers International as a defendant for his financial losses, even though the tenant issues, including missed payments and the absence of medical equipment, were directly attributable to Kevin and ADP.

(Amended Complaint at ¶ 36.)

## <u>ARGUMENT</u>

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim is insufficient. *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570); *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be well-pleaded allegations." *Warnick*, 895 F.3d at 751 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts." *Id*. (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678). The Complaint fails to allege well-pleaded facts giving rise to a cognizable claim against Colliers, and this Motion should be granted.

I. **PLAINTIFF'S FIRST CAUSE OF ACTION FOR "FALSE AND MISLEADING MISREPRESENTATION" FAILS AS TO COLLIERS.**

   i.    <u>Plaintiff fails to establish the elements required to adequately plead a fraud claim.</u>

Plaintiff's first cause of action against Colliers for "false and misleading misrepresentation" appears to be Plaintiff's attempt at common law fraud claim. Under Federal

Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (2024) (emphasis added). Rule 9(b) applies to all claims that are "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct." *Security Sys., Inc. v. Alder Holdings, LLC*, 421 F.Supp.3d 1186, 1194 (D. Utah 2019). "To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Combs v. SafeMoon LLC*, Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409, *4 (D. Utah March 29, 2024), citing *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Stated differently, a party must plead "the who, what, when, where, and how" of the alleged fraud. *11500 Space Center LLC v. Private Capital Group, Inc.*, 2022 UT App 92, ¶ 57, 516 P.3d 750 (citation omitted). Here, Plaintiff fails to sufficiently plead one or more elements of a common law fraud claim.

The elements to establish a fraud claim are as follows:

(1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.

*Id.* at ¶ 55 (citation omitted). The only allegations in the Complaint against Colliers that could conceivably be deemed to set forth misrepresentations appear in paragraphs 18 and 39. Paragraph 18 alleges that the "Draper SARC property was marketed as having a long-term lease with stable tenants selected by Kevin, Millcreek, Colliers and ADP." That statement falls woefully short of the pleading requirements under Rule 9(b) in providing the "who, what,

when, where, and how" of the alleged misrepresentation. No facts are provided as to who made this very generalized statement, when it was made, where and/or how it was made, and how it is false. In fact, Plaintiff fails to allege any facts demonstrating there was no long-term lease for the property at the time he purchased his TIC interest.

Similarly, in paragraph 18, Plaintiff alleges that "Millcreek and Colliers misrepresented key factors, including bond coverage, the financial condition of the tenants, and the overall stability of the project …." Again, this falls far short of Rule 9(b)'s heightened pleading requirements because no specific representations are provided as to who made the statement, how it was made, or when it was made. Plaintiff also fails to distinguish between the Defendants as to any alleged representation in any meaningful way.

Moreover, the allegations of "bond coverage," "financial condition of the tenants," and "overall stability of the project" are too general to meet the heightened pleading requirements. Plaintiff is obligated to plead what specifically was said about each of those items, who made those statements, and when and how the statements were made. Plaintiff has failed to do so. Additionally, assuming any of those vague statements are false, Plaintiff alleges no facts demonstrating that Colliers knew the statements were false, or that the statements were made recklessly by Colliers.

As part of paragraph 18, Plaintiff incorporates directly into the Complaint copies of some marketing materials for the Draper property. Plaintiff fails, however, to identify any of the specific factual statements (i.e., not "puffery" and opinion) in the marketing materials that were allegedly false at the time of his TIC purchase, and which Colliers supposedly knew was false or made recklessly knowing that there was insufficient knowledge upon which to base

such a representation. Thus, paragraph 18 fails to sufficiently satisfy the heightened pleading requirements regarding any alleged fraudulent misrepresentations.

Paragraph 39 states in vague and conclusory fashion that "Kevin Long, Millcreek and Colliers International knowingly made false statements about the security and profitability of the investment." Paragraph 39 does not satisfy the heightened pleading requirements of Rule 9(b) to set forth who at Colliers, if anyone, made the statements, what the supposed statements were, when or where the statements were made, how the statements were made, or how they were false. For these reasons, the Court must reject Plaintiff's first cause of action.

ii.    <u>Plaintiff fails to adequately state how any alleged conduct arises under relevant federal securities laws.</u>

While the First Cause of Action appears to be for common law fraud, Plaintiff alleges in the "Jurisdiction and Venue" section that this Court has subject matter jurisdiction over claims arising under federal securities laws, citing 15 U.S.C. §§ 78aa, 78j(b), and 78t(a), along with S.E.C. Rule 10b-5. [Complaint, ¶ 14.] Similarly, Plaintiff alleges that "Defendants . . . have directly and indirectly utilized means and instruments of interstate commerce," suggesting an attempt to satisfy an essential element of a securities fraud claim. [*See* Complaint, ¶ 16.] Even if the First Cause of Action (for "False and Misleading Misrepresentation") could be construed as a securities fraud claim or other securities law claim, that cause of action would still fail as a matter of law.

To state a claim under Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, a plaintiff must plead: "(1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the

purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020). Any purported securities fraud claim in the First Cause of Action would fail because Plaintiff fails to sufficiently plead the elements of such a claim.

First, Plaintiff has not pled facts establishing that a security is at issue in connection with his purchase of a TIC interest in commercial real property. Indeed, the Complaint is devoid of any reference to a "security." Second, Plaintiff fails to sufficiently plead any misstatements of material facts (or omissions), or that Colliers acted with scienter. Regarding those two elements, the pleading requirements are even more demanding than the heightened pleading requirements under Rule 9(b).

In two key ways, Congress heightened the pleading standard for federal securities fraud claims with the passage of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). First, the PSLRA increased the burden for pleading the first element of a securities fraud claim – that the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements made not misleading. *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003). For that element, the PSLRA requires that:

> the Complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1) (2024).

Second, regarding the pleading of the "scienter" or intent to defraud element, the PSLRA superseded that part of Rule (9)(b) by imposing a more stringent rule of pleading:

> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, <u>with respect to each act or omission alleged to violate</u> this chapter, state with particularity facts giving rise to a <u>strong inference</u> that the defendant acted with the required state of mind.

*See Adams,* 340 F.3d at 1096, *citing* 15 U.S.C. § 78u-4(b)(1) (2024) (emphasis added).

For the scienter element, the PSLRA requires scienter to be found with respect to each defendant and with respect to each alleged violation. *See TDC Lending LLC v. Priv. Cap. Grp.,* 340 F.Supp.3d 1218, 1227 (D. Utah 2018). Further, the required "strong inference" of scienter must be more than merely reasonable or permissible – "it must be cogent, thus strong in light of other explanations. A complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 310, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct. *See id.* at 323-24.

Since Plaintiff in the First Cause of Action has not met the heightened pleading requirements for a common law fraud claim under Rule 9(b), he also clearly fails to satisfy the even more demanding requirements under the PSLRA for a securities fraud claim. Plaintiff further makes no attempt to satisfy the heightened pleading requirements for demonstrating that Colliers acted with scienter. Indeed, the Complaint is devoid of any allegations regarding the mental state of Colliers, other than conclusory statements that Colliers supposedly

9

UC

"knowingly" made false statements. (Complaint, ¶ 39.) Conclusory allegations of "knowledge" or "intent," however, are insufficient to meet the PSLRA's pleading requirements described above. Therefore, Plaintiff's First Cause of Action – for common law fraud (or, potentially, securities fraud) – fails as a matter of law and must be dismissed.

## II.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS AS TO COLLIERS.

In the Second Cause of Action, Plaintiff alleges that "Defendants violated their contractual obligations by failing to deliver the promised medical equipment, neglecting to make required bond payments, and assigning insolvent tenants to the property." [Complaint, ¶ 40.] However, this allegation fails, as Plaintiff does not identify any contract to which Colliers was a party, and Plaintiff does not allege facts demonstrating a breach by Colliers of any contract. Moreover, in paragraph 36 of the Complaint, Plaintiff states, "Kevin suggested that Cliff add Colliers International as a defendant for his financial losses, even though the tenant issues, including missed payments and the absence of medical equipment, were directly attributable to Kevin and ADP." [Complaint, ¶ 36.] In this allegation, Plaintiff appears to admit that Colliers had nothing to do with the alleged conduct.

The only contracts identified in the Complaint are the following:

- American Development Partners Development Contract, between Jameson LLC dba American Development Partners ("ADP") and Millrock Investment Fund 1 LLC [Complaint, ¶ 5 (p. 5)];

- Ambulatory Surgery Center Lease Agreement, dated November 11, 2020, between ADP and SARC by HIS – Draper, UT Inc. [Complaint, ¶ 20 (p. 11)];

- Assignment of Lease for Commercial Real Estate, dated November 20, 2020, between Jameson, LLC and SARC Draper, LLC [Complaint, ¶ 24 (p. 14)];

- Commencement Date Agreement, dated July 19, 2022, between (but not executed) 35 tenant in common owners,[2] on the one hand, and SARC by HIS – Draper, UT Inc. [Complaint, p. 20];

- Medical Office Lease, dated February 12, 2024, between CAMS Realty, as agent for tenant in common owners, and The GI Alliance Management, LLC [Complaint, pgs. 27-29]; and

- Assignment Agreement, dated March 20, 2023, between GoGreenAge LLC, on the one hand, and Millrock Investment Fund 1, LLC and Millcreek Commercial Properties, LLC, on the other (the "Assignment Agreement") [Complaint, pgs. 31- 33].

Colliers is not a party to any of those contracts. Since Colliers is not a party to any contract with Plaintiff, the Second Cause of Action for breach of contract fails as a matter of law as to Colliers. *See Val Peterson Inc. v. Tennant Metals Pty Ltd.*, 2023 UT App 115, ¶ 40, 537 P.3d 660 (holding that, because plaintiff VPI was not a party to a contract with Metalcorp, VPI could not have a breach of contract claim against Metalcorp).

Moreover, the Complaint does not actually ever allege that Plaintiff himself is a party to any contract. Although the Complaint purports to set forth the terms of the Assignment Agreement, the Assignment Agreement is between GoGreenAge LLC, on the one hand, and Millrock Investment Fund 1, LLC and Millcreek, on the other hand. This contract does not

include Plaintiff, or Colliers as parties. Simply put, Plaintiff does not allege there has been a breach of any agreement to which both Plaintiff and Colliers are parties. Plaintiff has also failed to identify the existence of any contract under which Colliers was obligated to deliver "promised" medical equipment, make required bond payments, or assign a "solvent" tenant to the Draper property, but failed to do so. As such, Plaintiff's Second Cause of Action fails as a matter of law and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as to Colliers.

## REQUEST FOR ORAL ARGUMENT

Pursuant to DUCivR7-1(g), Colliers respectfully requests oral argument on this Motion. Good cause exists for oral argument because this Motion seeks dismissal of all causes of action as to Colliers.

DATED:  December 2, 2024.

DENTON DURHAM JONES PINEGAR P.C.


/s/ James D. Gilson
James D. Gilson
Andrew V. Wright
David B. Nielson
*Attorneys for Defendant Colliers International*

12
UC

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2024, a true and correct copy of the foregoing was served via the Court's ECF Service on the following:

Cliff Yang
P.O. Box #14343
Fremont, CA 94539
cliffjenn@gmail.com

Christopher M. Von Maack
Eric K. Schnibbe
MCNEILL | VON MAACK
236 South 300 East
Salt Lake City, UT 84111
*Attorneys for Defendant American Development Partners*

Dean A. Kent
TRENAM, KEMKER, SCHARF, BARKIN, FRYE,
O'NEILL & MULLIS, P.A.
101 East Kennedy Blvd, Ste 2700
Tampa, FL 33602
*Attorneys for Defendant American Development Partners*

Terry E. Welch
Bentley J. Tolk
Rodger M. Burge
PARR BROWN GEE & LOVELESS
101 South 200 East, Ste 700
Salt Lake City, UT 84111
*Attorneys for Defendants Kevin Long and*
*Millcreek Commercial Properties, LLC*

*/s/ Kim Altamriano*

13
UC