IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLIFF YANG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; COLLIERS INTERNATIONAL; AMERICAN DEVELOPMENT PARTNERS,<br><br>　　　　Defendants. | **ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>No. 2:24-cv-00755-RJS-DBP<br><br>District Judge Robert J. Shelby |

Now before the court is Plaintiff Cliff Yang's Motion for Reconsideration.[1] For the reasons explained below, the court DENIES the Motion.

**PROCEDURAL HISTORY**

On October 8, 2024, Yang filed a Complaint asserting four causes of action: (1) False and Misleading Misrepresentation under 15 U.S.C. § 1692(e) against Defendants Kevin Long, Millcreek Commercial Properties, LLC, and Colliers International; (2) Breach of Contract under 41 U.S.C. § 6503 against Long and American Development Partners (ADP); (3) "Unjust Enrichment and Kickback" under 41 U.S.C. §§ 8701–8707 against Long and ADP; and (4) Negligence under 19 U.S.C. § 1592 against Long and ADP.[2] Following these claims, the Complaint added:

---

[1] Dkt. 66, *Plaintiff's Motion for Reconsideration Under FRCP 59(e) and/or 60(b)* (*Motion*).

[2] Dkt. 1, *Complaint* at 35.

1

## OTHER POSSIBLE CAUSEs OF ACTION

43. Based on the facts presented, the following additional causes of action may be relevant. These claims could warrant further investigation by the State District Attorney or Federal Criminal Authorities:

    a) **Constructive Fraud**:
Even without an intent to deceive, the defendants' failure to disclose critical information and their mismanagement of the investment could give rise to a claim of constructive fraud.
    b) **Break of the Implied Covenant of Good Faith and Fair Dealing:**
Defendants' actions may be seen as a violation of the implied covenant of good faith and fair dealing inherent in all contracts. By acting in bad faith, they interfered with the plaintiff's right to receive the benefits expected under the investment agreement.
    c) **Conversion:**
A claim for conversion may be appropriate if the defendants misappropriated specific funds belonging to the plaintiff. This claim would assert that the defendants wrongfully took or used the plaintiff's money for their own benefit.
    d) **Civil Conspiracy:**
If evidence suggests a coordinated effort between Millcreek, Colliers, ADP, and other associated parties to defraud the plaintiff, this could support a civil conspiracy claim. Such a claim would require demonstrating that the defendants conspired to achieve an unlawful objective.[3]

On October 29, 2024, ADP filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing "no private right of action exists for any of Yang's claims against ADP."[4] In response to Yang's "other possible causes of action," ADP argued these "pertain to alleged criminal activity beyond this Court's jurisdiction and fail to provide a clear legal basis for relief."[5]

---

[3] *Id.* at 36.

[4] Dkt. 18, *Defendant American Development Partners' Motion to Dismiss* at 1.

[5] *Id.* at 7.

Yang subsequently filed an Amended Complaint on November 3, 2024, and then an Opposition to ADP's Motion to Dismiss on November 5, 2024.[6] The Amended Complaint was identical to the original Complaint with three exceptions. The Amended Complaint: (1) stated definitively against which Defendants each claim was asserted; (2) did not include any references to any statutes in the causes of action; and (3) did not include the "Other Possible Causes of Action" paragraph.[7]

Both the Complaint and the Amended Complaint stated the following grounds for jurisdiction and venue:

> This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa, as the claims arise under the laws of the United States, including but not limited to Plaintiffs' claims under 15 U.S.C. § 78j(b), including S.E.C. Rule 10b-5 (codified at 17 C.F.R. § 240.10b-5), 15 U.S.C. § 78t(a), and 15 U.S.C. § 77l.
>
> This Court also has jurisdiction under 28 U.S.C. § 1332, based on diversity jurisdiction, because: a) The parties are citizens of different states, satisfying the diversity of citizenship requirement; and b) The amount in controversy exceeds $75,000, exclusive of interest and costs, which meets the threshold for federal jurisdiction in diversity cases.
>
> The Defendants, in connection with the actions alleged in this Complaint, have directly and indirectly utilized means and instruments of interstate commerce, including mail, telephone, and internet communications.[8]

The court issued an Order to Show Cause on February 6, 2025, identifying the following jurisdictional defects: (1) Yang had not asserted claims arising under federal law to satisfy jurisdiction under 28 U.S.C. § 1331; and (2) the Complaint did not identify the domicile of each party to demonstrate complete diversity as required under 28 U.S.C. § 1332.[9] Specifically, Yang

---

[6] Dkt. 20, *Plaintiff's Amended Complaint (Second)* (*Amended Complaint*); Dkt. 21, *Plaintiff's Opposition to Defendant ADP's Motion to Dismiss with Prejudice*.

[7] *Compare Complaint, with Amended Complaint*.

[8] *Complaint* at 6; *Amended Complaint* at 6.

[9] Dkt. 57, *Order to Show Cause* at 1.

did not identify the domicile for Millcreek's members, or the members of Jameson, LLC of which ADP is a dba.[10]

Yang filed a Response to the court's Order on February 10, 2025.[11] In his Response, Yang argued the Amended Complaint resolved the federal question jurisdictional issue because Yang "removed erroneous statutory references and revised the legal claims to focus exclusively on securities fraud under federal law" and "[f]ederal courts have consistently recognized jurisdiction over securities fraud claims under 15 U.S.C. § 78aa."[12] Yang also addressed diversity jurisdiction by including a screenshot of business registration information for Millcreek.[13]

The court reviewed the Amended Complaint and Response and concluded Yang had failed to cure the jurisdictional defects. The Amended Complaint failed to assert a federal cause of action and did not establish diversity jurisdiction.[14] Accordingly, the court dismissed the case for lack of jurisdiction.[15]

On June 30, 2025, Yang filed the instant Motion. The Motion argues the court's Dismissal Order violates Yang's due process rights under the United States Constitution Fifth and Fourteenth Amendments. Specifically, Yang argues the court erred because the court dismissed the case without providing him an opportunity to be heard and the dismissal is inconsistent with a similar case against Defendants that remains ongoing.[16] Yang requests that: (1) the dismissal

---

[10] *Id.* at 3–4.

[11] Dkt. 58, *Plaintiff's Reply to Court Order to Show Cause* (*Response*).

[12] *Response* at 2.

[13] *Id.* at 3.

[14] *See Dismissal Order*.

[15] *Id.*

[16] *Motion* at 1–2.

order be vacated; (2) the case be reinstated; (3) in the alternative, the case be transferred to California Superior Court; and (4) any other relief the court deems just and proper.[17]

## ANALYSIS

Yang moves for reconsideration under Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60(b)(6).[18] Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."[19] Rule 60(b)(1) allows the court to relieve a party from an order if a party demonstrates "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) permits relief for any other justifiable reason.[20] The Tenth Circuit has described Rule 60(b) as the court's "grand reservoir of equitable power to do justice in a particular case."[21] The court has discretion whether to address a Rule 60(b) motion,[22] and granting such relief is "only appropriate under extraordinary circumstances."[23]

### I. Rule 59(e) Does Not Apply.

A judgment is a court's "final determination of the rights and obligations of the parties in a case."[24] In this case, the court did not rule on the merits of Yang's claims; rather it concluded it could not consider the merits of his claims for lack of jurisdiction. Because the court did not enter a judgment, Rule 59(e) is inapplicable.[25]

---

[17] *Id.* at 4.

[18] *Id.* at 1–2.

[19] Fed. R. Civ. P. 59(e).

[20] *Id.* 60(b)(1), 60(b)(6).

[21] *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975).

[22] *Id.*

[23] *Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

[24] *Judgment*, Black's Law Dictionary (12th ed. 2024).

[25] *See generally*, *Docket*.

## II. The Court Did Not Violate Yang's Constitutional Rights.

Rule 60(b)(1) permits relief from the court in the event of mistake, inadvertence, surprise, or excusable neglect, either by a party or the court.[26] The court understands Yang's motion to argue the court made a mistake by violating his "constitutional right to due process under the Fifth and Fourteenth Amendments."[27] Specifically, Yang contends the court violated his due process rights by dismissing the case without providing him "the opportunity for a hearing, despite Plaintiff's submission of numerous exhibits and fact-based allegations supporting the claims."[28] Yang further argues the court was inconsistent because another case against Defendants remains ongoing. The court addresses each argument in turn.

### A. An Opportunity to Be Heard and Considering Evidence

First, the court may not consider evidence or preside over a hearing without jurisdiction. As explained in the court's Order to Show Cause, federal courts are courts of limited jurisdiction.[29] "Congress determines, through its grants of jurisdiction, which suits those courts can resolve."[30] If the court does not have jurisdiction, "*the court cannot proceed at all* in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."[31] As the court

---

[26] *See* Fed. R. Civ. P. 60(b); *Kemp v. United States*, 596 U.S. 528, 534 (2022) ("The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors."); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (stating "judicial mistakes are included within the scope of Rule 60(b)").

[27] *Motion* at 1.

[28] *Id.* at 2.

[29] *Order to Show Cause* at 2; *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) ("Federal courts, we have often explained, are courts of limited jurisdiction." (internal quotation marks omitted)).

[30] *Royal Canin*, 604 U.S. at 26.

[31] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (emphasis added) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

explained in its Dismissal Order, the court does not have jurisdiction in this case. Accordingly, holding a hearing or examining the exhibits was beyond its purview.

### B. Disparate Treatment

Yang also states the court erred because its dismissal is inconsistent with the ongoing litigation of a similar case against Defendants.[32] Yang cites *Wilson v. Long*, an unresolved case filed in this District in 2023.[33] Unlike this case, *Wilson* asserts claims under federal law over which the court has jurisdiction, including violations of Section 10(b) of the Securities Exchange Act (SEA) and control person liability under the SEA.[34] Federal courts have "exclusive jurisdictions of violations" of the SEA.[35]

"[T]he well-pleaded complaint rule requires that 'the federal question giving rise to jurisdiction must appear on the face of the complaint.'"[36] Here, the Amended Complaint did not assert claims under federal law "giving rise to jurisdiction" for the court.[37] Both cases are consistent with the court's jurisdictional mandate: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

---

[32] *Motion* at 2 (listing "[d]isparate treatment of similarly situated litigants, in contrast to the Court's handling of Case No. 2:23-cv-00599-JCB, involving Millcreek and Colliers" as grounds for reconsideration).

[33] *Id.* at 2–3.

[34] *Complaint* at 41–44, *Wilson v. Long*, No. 2:23-cv-00599-AMA-, (D. Utah March 14, 2025) (No. 1) (hereinafter *Wilson Complaint*). *Wilson* also asserts state law claims, but the court has jurisdiction to hear state law claims if, and only if, it also has federal jurisdiction. "Pendent jurisdiction [over state law claims], in the sense of judicial power, exists whenever there is a claim arising under the Constitution, the Laws of the United States, and Treaties made . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court . . . [and] [t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (cleaned up).

[35] 15 U.S.C. § 78aa(a).

[36] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192) (10th Cir. 2003)).

[37] *Compare Amended Complaint* (asserting no claims under federal securities law), *with Wilson Complaint* (asserting two claims under the federal Securities Exchange Act). *See also Dismissal Order* at 8 ("Plaintiff's Amended Complaint does not assert claims under [the securities] statutes nor are the allegations sufficient to show his claims arise under federal securities law.").

the action."[38]  *Wilson* remains ongoing because the court has federal jurisdiction over that case; this case was dismissed because the court does not have federal jurisdiction. Accordingly, the court did not violate Yang's due process rights by according "disparate treatment" to his case.

## CONCLUSION

Yang has not demonstrated reconsideration is appropriate either under Federal Rules of Civil Procedure 59(e) or 60(b). Accordingly, the Motion is DENIED.[39]

SO ORDERED this 10th day of November 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[38] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (internal quotation marks and citation omitted).

[39] Dkt. 66.