**Cliff Yang**

P.O. Box #14343 Fremont, CA 94539

Tel: 205-6174932 Email: cliffjenn@gmail.com

Fax: 408-2288443

FILED
2025 NOV 12 PM 1:51
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CLIFF YANG,** | ) |
| | ) |
| Pro Se Plaintiff, | ) **Case No: 2:24-cv-00755-RJS** |
| | ) |
| vs. | ) Chief District Judge: Robert J. Shelby |
| | ) |
| **KEVIN LONG;** | ) |
| **MILLCREEK COMMERCIAL** | ) |
| **PROPERTIES, LLC,** | ) |
| **AMERICAN DEVELOPMENT PARTNERS** | ) |
| **COLLIERS INTERNATIONAL** | ) **PLAINTIFF's DENIAL（Docket#68)** |
| Defendants | ) **of PLAINTIFF's MOTION TO** |
| | ) **RECONSIDERATION** |

1

### Subject of Complaint

Respondent: Hon. Robert J. Shelby, U.S. District Judge, District of Utah

Court: United States District Court, 351 South West Temple, Salt Lake City, UT 84101

Related Case: Cliff Yang v. Kevin Long, Millcreek Commercial Properties LLC, Colliers International, and American Development Partners LLC

Case No.: 2:24-cv-00755-RJS-DBP

### Summary of Complaint

I am filing this complaint to report administrative neglect and potential abuse of judicial authority resulting in prolonged delay and obstruction of access to justice in my federal civil case pending before Judge Robert J. Shelby in the District of Utah.

Between October 2024 and November 2025, I filed over 30 motions, oppositions, and exhibits as a self-represented litigant seeking redress for investment fraud involving multiple corporate defendants. Despite consistent filings and service, the court failed to act on nearly all pending motions for more than ten months, causing the case to stagnate and ultimately dismissing it without ever holding a hearing or addressing the evidence submitted.

This conduct reflects not merely a judicial decision, but a systemic failure of docket management and oversight that constitutes administrative neglect and possible misconduct within the judicial

system governed by the Department of Justice's ethical and oversight mandates.

The November 10, 2025 order denying my Motion for Reconsideration did not address the numerous prior filings, factual records, or my repeated requests for a hearing. Such delay and non-responsiveness undermine public confidence in federal institutions, create barriers to self-represented access to justice, and amount to an abuse of public resources for which the DOJ has oversight responsibility under 5 U.S.C. App. § 4 and the Inspector General Act.

### Specific Issues

1. Failure to act for over 100 days on multiple motions, depriving me of due process.
2. Neglect of duty under the Code of Conduct for United States Judges, Canon 3A(5).
3. Systemic inefficiency within the clerk's office or chambers contributing to case stagnation.
4. Waste of filing fees and administrative delay, preventing fair adjudication of federal claims.

### Supporting Documentation

I can provide:
- Certified docket history from PACER showing prolonged inactivity.
- Copies of unaddressed motions and oppositions.
- The Order Denying Motion for Reconsideration dated November 10, 2025.
- Correspondence to the court seeking status updates.

### Relief Requested

I respectfully request that the DOJ Office of Inspector General:
1. Conduct an administrative review of Judge Shelby's case-management practices in Case No. 2:24-cv-00755-RJS-DBP;
2. Determine whether any systemic neglect or procedural violations occurred within the District of Utah clerk's office or judicial administration;
3. Recommend improvements or oversight to prevent recurrence of excessive delays that harm litigants;
4. Forward findings to the Administrative Office of the U.S. Courts or the Tenth Circuit Judicial Council for follow-up if appropriate.

From Judge Robert J. Shelby, the Chief Judge of the Federal District Court in Utah, after a delay of more than 100 days:
In his response, Judge Shelby stated that *the Wilson case remains ongoing because the court has federal jurisdiction over that matter, whereas this case was dismissed for lack of federal jurisdiction.*

Accordingly, he concluded that the court did not violate Mr. Yang's due process rights or engage in "disparate treatment" by handling the two cases differently.

Yang also states the court erred because its dismissal is inconsistent with the ongoing litigation of a similar case against Defendants.32 Yang cites Wilson v. Long, an unresolved case filed in this District in 2023.33 Unlike this case, Wilson asserts claims under federal law over which the court has jurisdiction, including violations of Section 10(b) of the Securities Exchange Act (SEA) and control person liability under the SEA.34 Federal courts have "exclusive jurisdictions of violations" of the SEA.35 "[T]he well-pleaded complaint rule requires that 'the federal question giving rise to jurisdiction must appear on the face of the complaint.'"36 Here, the Amended Complaint did not assert claims under federal law "giving rise to jurisdiction" for the court.37 Both cases are consistent with the court's jurisdictional mandate: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss 32 Motion at 2 (listing "[d]isparate treatment of similarly situated litigants, in contrast to the Court's handling of Case No. 2:23-cv-00599-JCB, involving Millcreek and Colliers" as grounds for reconsideration). 33 Id. at 2–3. 34 Complaint at 41–44, Wilson v. Long, No. 2:23-cv-00599-AMA-, (D. Utah March 14, 2025) (No. 1) (hereinafter Wilson Complaint). Wilson also asserts state law claims, but the court has jurisdiction to hear state law claims if, and only if, it also has federal jurisdiction. "Pendent jurisdiction [over state law claims], in the sense of judicial power, exists whenever there is a claim arising under the Constitution, the Laws of the United States, and Treaties made . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court . . . [and] [t]he state and federal claims must derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (cleaned up). 35 15 U.S.C. § 78aa(a). 36 Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting Karnes v. Boeing Co., 335 F.3d 1189, 1192 (10th Cir. 2003)). 37 Compare Amended Complaint (asserting no claims under federal securities law), with Wilson Complaint (asserting two claims under the federal Securities Exchange Act). See also Dismissal Order at 8 ("Plaintiff's Amended Complaint does not assert claims under [the securities] statutes nor are the allegations sufficient to show his claims arise under federal securities law."). 7 Case 2:24-cv-00755-RJS Document 68 Filed 11/10/25 PageID.607 Page 8 of 8 the action."38

From the judge's response after a lengthy delay, it appears that Judge Shelby concluded that Cliff Yang's complaint did not specifically reference the Securities Exchange Act (SEA), including violations of Section 10(b) or claims of control-person liability under the SEA. As a result, the court determined that federal jurisdiction was lacking and that federal courts did not have exclusive jurisdiction over the alleged violations of the SEA in this case.

4

"[T]he well-pleaded complaint rule requires that 'the federal question giving rise to jurisdiction must appear on the face of the complaint.'"36. This means:

## Key Principle (Quoted at 1232)

> "The well-pleaded complaint rule requires that the federal question giving rise to jurisdiction must appear on the face of the complaint."

This means federal jurisdiction exists **only when a federal issue is clearly presented in the plaintiff's properly pleaded complaint**, not merely as a defense or potential argument.

But in Cliff Yang, Pro Se Plaintiff's complaint and amended complaint, defendants' violations against Federal SEA was presented clearly as shown below: (even though Plaintiff did not type " "giving rise to jurisdiction" for the court" as specified by Judge;

Cliff Yang explicitly mentioned violations of the Securities Exchange Act (SEA) and related concepts, including federal jurisdiction and control person liability, in his filings.
In his Amended Complaint and subsequent replies, Yang asserts that the U.S. District Court has original subject matter jurisdiction because his claims arise under the laws of the United States, specifically federal securities laws.
Here is a breakdown of the specific SEA provisions and concepts Yang included:
1. Violations of Section 10(b) of the SEA and Rule 10b-5
Cliff Yang's filings directly cite the federal provisions prohibiting securities fraud:
• **Section 10(b) (15 U.S.C. § 78j(b)):** Yang asserts claims under **15 U.S.C. § 78j(b)**. This statute prohibits the use of manipulative or deceptive practices in connection with the purchase or sale of securities.
• **SEC Rule 10b-5 (17 C.F.R. § 240.10b-5):** Yang also asserts claims under **S.E.C. Rule 10b-5 (codified at 17 C.F.R. § 240.10b-5)**. He argues that the Defendants violated this rule by engaging in fraudulent schemes, making false statements or omissions of material fact, and failing to disclose the tenant's insolvency, the delivery of the bond, and the provision of medical equipment.
2. Federal Jurisdiction under the SEA
Yang explicitly relied on the federal statute that grants jurisdiction for SEA violations:
• **15 U.S.C. § 78aa:** Yang contends that the court has jurisdiction pursuant to **15 U.S.C. § 78aa**, which "relates to the Securities Exchange Act of 1934 and **provides jurisdiction to district courts in cases involving violations of the Act or its rules and regulations**".
• He also noted generally that the court has jurisdiction under 28 U.S.C. § 1331 because the claims arise under the laws of the United States.
3. Control Person Liability under the SEA

5

Yang includes claims invoking control person liability, which is a key enforcement mechanism under the SEA:
• **15 U.S.C. § 78t(a):** Yang asserts claims under **15 U.S.C. § 78t(a)**. He states that this statute "addresses the **liability of controlling persons**" and "holds **controlling persons liable for securities violations**".
• Yang argues that defendants Kevin Long and Manny Butera acted as controlling persons, alleging they mismanaged the $2.31 million funds designated for medical equipment.
In addition to the SEA provisions, Yang also asserts claims under **15 U.S.C. § 77l**, which pertains to civil liabilities related to misleading prospectuses and communications, further grounding his case in federal securities law.

--------------------------------------------------------------------------------

To summarize the use of these specific federal securities law provisions, Cliff Yang uses the structure of the federal securities laws as the foundation for his case, specifically identifying the statutes (15 U.S.C. § 78j(b) and 15 U.S.C. § 78t(a)) and the related rule (Rule 10b-5) that cover **securities fraud** and **control person liability**.

## Conclusion

As a result, two similar cases, plaintiff's case (Case No: 2:24-cv-00755-RJS) and Wilson's case (Wilson v. Long, No. 2:23-cv-00599-AMA) received inconsistent treatment in federal court — one case remains ongoing, while the other, my case, was dismissed without prejudice, leaving more than ten motions unanswered for over a year. This prolonged inaction has wasted the Plaintiff's filing fees, time, and significant effort, causing more than a year of unnecessary delay.

The Court could have dismissed Plaintiff's original or amended complaint without prejudice at an early stage. Instead, the judge failed to issue a timely response and relied on several inconsistent reasons to deny Plaintiff's motions—particularly after significant and unexplained delays—and did not hold a hearing to provide Plaintiff an opportunity to present argument or rebuttal in open court.

More importantly, the ruling appears to conflict with the fundamental principles of due process and may amount to a potential violation of the constitutional protections guaranteed to every U.S. citizen.

The circumstances outlined above may therefore indicate **judicial negligence** or **administrative misconduct** within the federal court system.

Certification

I certify under penalty of perjury that the statements herein are true and correct to the best of my knowledge.

Signature: _____  Date: 11-11-2025

Printed Name: Cliff Yang

# CERTIFICATE OF SERVICE

On November 11, 2025, I served the within document(s) described as:

1. **PLAINTIFF's OPPOSITION TO COURT's DENIAL OF PLAINTIFF's Motion**
   on the interested parties in this action as stated on the following mailing list:

   a) Advanced Development Partners:
      8618 Shortleaf Ct, College Grove, TN 37046-1443 at (615) 368-3412
   b) Millcreek Commercial Properties LLC:
      1064 S North County Boulevard, suite 350, Pleasant Grove, UT 84062
   c) Kevin Long, 1064 S North County Boulevard, suite 350, Pleasant Grove, UT 84062
   d) Colliers International Group Inc:
      15 W S Temple St, Suite 600, Salt Lake City, UT 84101

( )(By Certified Mail) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the mailing list above. I mailed the envelope by US post office Certified Mail with a tracking number in file.

(x) (By E-File and/or E-mail) to Federal Court and All Defendants

_Kevin Yang_  KEVIN YANG_____ (Type or Print Name) 11-12-2025
(Signed)

7